BURNSTEIN, MIETTE K., Associate Judge.
This is a dissolution of marriage and child custody case filed in the Florida courts by the father, appellant herein. The appellant and the children were Florida residents, and the wife, appellee, was properly and constructively served. Appellee moved to dismiss on the grounds that the trial court lacked jurisdiction over the parties and subject matter because appellee had previously filed a divorce action against appellant in the Commonwealth of Pennsylvania, although such pleading reflected no prayer for custody. The Florida trial court granted the motion to dismiss based on a finding that the court lacked jurisdiction over the subject matter and this appeal followed. We reverse as to the finding that the court lacked jurisdiction over the children in order to determine custody.
Each state is charged with the duty to regulate the custody of infants within its borders. This is true even though the parents reside in another state or if the child’s domicile is in another state. DiGiorgio v. DiGiorgio, 153 Fla. 24, 13 So.2d 596 (Fla.1943). It is even true where a parent, in bad faith, removes the child from one state to another. State v. Webster, 151 So.2d 14 (Fla.3d DCA 1963).
The paramount concern of the court should be the best interest of the child’s welfare. Silvestri v. Silvestri, 309 So.2d 29 (Fla.3d DCA 1975).
The trial court erred in not exercising its jurisdiction and ruling in accordance therewith.
REVERSED and REMANDED.
DOWNEY and DAUKSCH, JJ., concur.