374 So.2d 60 (1979)
Leonard Scott BAIRD, Appellant,
v.
Carolyn Faye BAIRD, Appellee.
No. 78-2077.
District Court of Appeal of Florida, Third District.
July 24, 1979.
Rehearing Denied September 5, 1979.
*61 J. Marshall Gifford, Key West, for appellant.
W. Ted Ernst, Jr., Key West, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
PEARSON, Judge.
Appellant Leonard Scott Baird, the father of Britt Michelle Baird (four years of age), appeals from an order of the Sixteenth Judicial Circuit (Monroe County) denying his petition for a writ of habeas corpus to secure the person of his minor child and denying his motion to dismiss the petition for custody of the minor's mother, Carolyn Faye Baird. The controlling question presented is whether the Florida court had jurisdiction under the Uniform Child Custody Jurisdiction Act, Sections 61.1302-61.1348, Florida Statutes (1977), to entertain a petition of the mother for custody of the child.
Both parties were residents of Arizona at the time of their marriage, which took place in that state. Their child was born in Arizona, and the marriage was dissolved there in 1977, with the mother being awarded custody of the child and the father being given the right of reasonable visitation. There was no provision in the Arizona judgment which forbade the mother from taking the child out of the jurisdiction of the court. In 1978, the mother came to Florida on a visit. She brought the child with her and decided to stay here. Upon learning of this fact, the father filed a petition for contempt against the mother in the Arizona court, alleging the removal of, and his inability to visit, the child. An order was entered by the Arizona court allowing the mother to purge herself of contempt by returning to Arizona with the child; this she has failed to do. The father then brought a petition in Arizona requesting that custody of the child be awarded to him and, in September of 1978, the Arizona court gave him custody.
Three days after the entry of Arizona order changing custody, the mother filed a petition in the Florida courts asking for modification of the Arizona order to continue her custody and to allow the child to remain with her in Florida. The father appeared in the Florida proceedings, petitioned for a writ of habeas corpus, and filed a motion to dismiss the wife's proceedings. From an interlocutory order denying his petition for habeas corpus and motion to dismiss, the father has appealed, urging *62 that the trial court incorrectly found that it had jurisdiction of the custody of the child.
The order entered by the trial court made findings of fact, the accuracy of which are not made issues on this appeal. They are:
"1. That this court assumes jurisdiction over the parties and subject matter of this cause since it is in the best interest of the child that this Court assume jurisdiction by virtue of the facts that the minor child, the Petitioner (natural mother), the maternal grandparents and the Petitioner's sister all have a significant connection with the State of Florida in that they all reside in Monroe County, Florida; and since there is available in Florida substantial evidence concerning the child's present and future care, protection, training and personal relationships.
"2. That the Petitioner may not have been afforded due process of law in Arizona by virtue of discussions with the Honorable Gilbert Veliz, Judge of Superior Court, Pima County, Arizona, and by evidence and testimony offered before this Court to the effect that she may not have been adequately and properly represented by Counsel during the course of litigation filed in Arizona subsequent to entry of the Final Judgment of Dissolution of Marriage.
"3. That the Petitioner lacked the necessary funds for transportation to and from Arizona, and was not advised by the court there, her Arizona attorney or the Respondent's Arizona attorney of the availability of funds for such purposes.
"4. That the Respondent stopped sending court-awarded child support to the Petitioner once she and the minor child relocated in Monroe County, Florida, although the Respondent knew the whereabouts of the Petitioner and how to get such payments to her if he had chosen to do so."
Based upon these findings, the trial judge denied the application for the writ, denied the motion to dismiss and awarded the mother temporary custody of the child. In addition, the order provided that pursuant to Section 61.20, Florida Statutes (1977), the Department of Health and Rehabilitative Services was directed to make an investigation and social study concerning all pertinent details relative to the suitability of the child's permanent custody with the petitioner mother.
The father urges here that under the Uniform Child Custody Jurisdiction Act, Florida does not have jurisdiction to change a custody decree of a sister state where the sister state has maintained continuing jurisdiction over the subject matter. It is also urged that the "home state" status, as defined in Section 61.1306(5), Florida Statutes (1977), was not Florida in that although the child had been continuously present in Florida for the requisite period of six months, the presence was unlawful as being in derogation of the sister state's order to return the child.[1]
A distinction should be made between the traditional jurisdiction of the subject matter in child custody proceedings and the jurisdictional requirements of the Uniform Child Custody Jurisdiction Act, which became effective in this state on October 1, 1977. Neither party has been able to provide us with a decided case in Florida interpreting the jurisdictional aspects *63 of the Uniform Child Custody Jurisdiction Act. It should be noted that Florida courts have not hesitated to exercise jurisdiction over the custody of children physically present in this state. See Grant v. Corbitt, 95 So.2d 25 (Fla. 1957); DiGiorgio v. DiGiorgio, 153 Fla. 24, 13 So.2d 596 (1943); and Schrey v. Schrey, 354 So.2d 405 (Fla. 4th DCA 1978). Also, it has been universally held that when faced with an issue concerning the welfare and custody of a child in this state that the circuit court will exercise its jurisdiction and be governed principally by the welfare and best interest of the child. See Silvestri v. Silvestri, 309 So.2d 29 (Fla. 3d DCA 1975); In Re Pendarvis, 133 So.2d 424 (Fla. 1st DCA 1961); and In Re C.E.S., 106 So.2d 610 (Fla. 1st DCA 1958). In this case, the child is physically within the state and there is no challenge to the trial judge's findings that the welfare and best interest of the child are best served by the award of temporary custody of the mother. We must, therefore, determine whether the provisions of the Uniform Child Custody Jurisdiction Act changed the law applicable to this case so that Florida court was required by the provisions of the act to decline to exercise jurisdiction. We conceive this aspect of the case as not being an issue of subject matter jurisdiction, but rather an issue of the propriety of the exercise of jurisdiction under the provisions of the act. The father relies upon the provisions of Section 61.1328, Florida Statutes (1977), which provides that the courts of this state shall recognize and enforce a modification decree of a court of another state which has assumed jurisdiction under statutory provisions substantially in accord with the act. It is further urged that under Section 61.1318, Florida Statutes (1977), the Florida court should have declined jurisdiction because the mother had wrongfully taken the child from Arizona. We find that neither of these sections, when properly applied to the facts of this case, required the Florida court to decline to exercise jurisdiction over the child. It is apparent, as found by the trial court in this case, that the mother's departure from Arizona was not prohibited by the judgment and cannot be said to be a wrongful taking of the child.[2] It is further apparent, as found by the trial court, that the courts of Florida were not required to decline to exercise jurisdiction because of the proceedings in Arizona after the mother had left the state. In this connection, the trial judge pointed out that the legal representation of the mother in the Arizona proceedings may have been inadequate. We find nothing in this record to show that the mother is wrongfully in the State of Florida or that the court has failed to recognize the judgment of an Arizona court. The court simply declined to enforce the Arizona decree upon a basis that the best interest of the child requires her continued presence with the mother.[3]
The father's contentions that the petition for custody is defective because a certified copy of the order sought to be modified is not attached to the petition is likewise without force in this appeal. The section referred to is Section 61.1332, Florida Statutes (1977). This statute is directive and says that a certified copy "may be filed." It is not a prerequisite of jurisdiction. We note that in this case a copy was filed and that the failure to certify it was fully explained to the trial judge.
Affirmed.
NOTES
[1] "61.1306 Definitions.  As used in this act:

* * * * * *
(5) `Home state' means the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent for at least 6 consecutive months [or], in the case of a child less than 6 months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period."
* * * * * *
"61.1318 Jurisdiction declined by reason of conduct. 
(1) If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances. * * *"
[2] Cf. Bias v. Bias, 374 So.2d 64 (Fla. 3d DCA 1979), filed this same date, where the petitioner mother maintained the child in another state in violation of a court-recognized stipulation.
[3] See the discussion in Hofer v. Agner, 373 So.2d 48 (Fla. 1st DCA 1979), Case No. LL-431, filed June 8, 1979, where the Court of Appeal, First District, considered and denied a petition for prohibition to prohibit the Florida trial court from assuming jurisdiction in a child custody matter by virtue of the provisions of the Uniform Child Custody Jurisdiction Act.