[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On July 31, 1995, a vehicle driven by the plaintiff, a City of New Haven Police Officer, collided with a motor vehicle operated by one Patricia Bouzoucos while the plaintiff was responding to the distress call of a fellow officer. The plaintiff has not made a claim against Bouzoucos, but instead has brought this action against the defendant LoJack Corporation, claiming that in the course of the collision, he struck his head on a piece of equipment which was allegedly negligently installed in his police vehicle by the defendant. LoJack filed an CT Page 4499 apportionment complaint against Bouzoucos in accordance with General Statutes Sec. 52-102b and 52-572h. Bouzoucos then filed a "counterclaim", subsequently revised, in which she seeks damages from the plaintiff as a result of injuries she allegedly sustained in the July 31, 1995 collision.
The plaintiff-counterclaim defendant now moves to strike Bouzoucos's revised counterclaim, based on his contention that it fails to state a claim upon which relief may be granted as a matter of law. "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted:'" Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admitlegal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
Pursuant to Practice Book Sec. 10-54, a counterclaim may be filed "against the plaintiff's demand." The plaintiff notes that he did not made a demand against Bouzoucos in his own complaint, nor has he pleaded over against her following the filing of the apportionment complaint against her by LoJack as he would have been entitled to do under General Statutes Sec. 52-102b(d). Therefore, he argues, as a matter of law Bouzoucos cannot possibly maintain a counterclaim against a demand which does not exist.
Case law discussing the definition of a "counterclaim" supports the defendant's position:
Under our rules of practice, a counterclaim, if proper, is an independent action. See Practice Book Sections [10-10, 10-54, 10-55]; Hanson Development Co. v. East Great Plains Shopping Center. Inc., 195 Conn. 60, 63, 485 A.2d 1296 (1985); see also Schurman v. Schurman, 188 Conn. 268, 270, 449 A.2d 169
CT Page 4500 (1982). It has been defined as "a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant." 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 Sup. ) § 129b. (Emphasis in original).
Home Oil Co. v. Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985). Although Bouzoucos purported counterclaim meets the second prong of this test, in that prevailing would allow her to recover damages, her claim against the plaintiff does not "diminish, defeat or otherwise affect" his claim against Lojack. Even if Bouzoucos prevails in her claim against Leary, his claim against LoJack is unaffected.
Bouzoucos argues that once in the case as an apportionment defendant, she has a statutory right to assert a counterclaim against the plaintiff. She points out that General Statutes Sec.52-102b(b) gives an apportionment defendant "all remedies available to an original defendant including the right to assert defenses, setoffs or counterclaims against any party." (Emphasis added). She claims that the inclusion of the phrase "against any party" permits her to maintain the instant counterclaim even against a party which has not asserted a claim against her. She contends that this statute eliminates any possible prerequisite that the plaintiff first plead over against her, as he is entitled to do in accordance with General Statutes Sec. 52-102
(b)(d), in order to give rise to the right to bring a counterclaim. She also points to Practice Book Section 10-10, which provides that in any action for legal or equitable relief,any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiffs complaint." (Emphasis added). She argues that she fits within the definition of "any defendant" and that the plaintiff fits within the definition of "any plaintiff."
Although Sec. 52-102 (b)(d) does give the apportionment defendant the right to bring a counterclaim against any plaintiff, it significantly does not confer the right to assertany claim against any plaintiff. It is the latter which Bouzoucos seeks to do. She does not seek to diminish, defeat or affect the plaintiffs claim against . LoJack Had the plaintiff pleaded over against her, of course, she would have had such a right as her claim for damages against the plaintiff would, if successful, CT Page 4501 indeed have had the effect of diminishing the plaintiffs claim against her. What Bouzoucos has sought to do, however, is to bring a claim against a plaintiff who has chosen not to bring a claim against her. General Statutes Sec. 52-102 (b)(b) does not confer such a right, and it certainly does not confer the right to salvage a claim which is apparently barred by the statute of limitations[1] by dubbing it a "counterclaim."
Based on the foregoing, the plaintiff's motion to strike the apportionment defendant Patricia Bouzoucos' "revised counterclaim" is granted because the pleading filed by Bouzoucos does not meet the definition of a "counterclaim" and is not authorized either by General Statutes Sec. 52-102 (b)(b) or by our Practice Book.
Jonathan E. Silbert, Judge