LOCAL 218 STEAMFITTERS WELFARE FUND ET AL. *v.*
COBRA PIPE SUPPLY AND COIL COMPANY, INC., ET AL.
(13298)

HEALEY, SHEA, GLASS, COVELLO and HULL, Js.

Argued April 15—decision released May 31, 1988

*Martin A. Gould,* with whom, on the brief, was *Alfred J. Garofolo,* for the appellants (plaintiffs).

*Bernard E. Francis,* with whom, on the brief, was *Lisa A. Kovalsky,* for the appellee (defendant Peter S. Antink, Jr.).

HULL, J. The narrow issue in this case is whether, in an action against a corporate officer, pursuant to General Statutes § 31-89a,[1] the officer is relieved of liability if, prior to the accrual of the cause of action, the officer tenders his resignation to the corporation, but fails to file notice of this fact with the Secretary of State, as required under General Statutes § 33-319a.[2] We agree with the trial court that such a failure did not vitiate the instantaneous effectiveness of the officer's resignation so as to extend his possible liability under § 31-89a beyond the date of his resignation, and find no error.

[1] General Statutes § 31-89a provides: "CIVIL ACTION TO COLLECT PAST DUE PAYMENTS TO FUNDS. PENALTY. (a) Payments to employee welfare funds, as defined in subsection (h) of section 31-53, which are past due under the terms of a written contract or rules and regulations adopted by the trustees of such funds shall be considered as wages for the purpose of section 31-72.

"(b) Any proprietor or partner who fails to pay the contributions when due to an employee welfare fund, as defined in said subsection, under the terms of a written contract or rules and regulations adopted by the trustees of such funds, or any officer, director or employee of any corporation who has been made responsible by the corporation for payment of such contributions which have not been paid when due, shall be fined not more than two hundred dollars or imprisoned not more than thirty days or both for each week of nonpayment. In addition, any proprietor or partner who fails to pay such contributions when due, and the officers or directors of any corporation which fails to pay such contributions when due, whether or not such officers or directors were made responsible by the corporation for the payment of such contributions, shall be personally liable in a civil action for payment of the amounts due such fund, as well as costs and reasonable attorney's fees."

[2] General Statutes § 33-319a provides: "FILING OF NOTICE THAT DIRECTOR OR OFFICER HAS CEASED TO BE IN OFFICE OR HAS BEEN APPOINTED OR ELECTED TO OFFICE. (a) When a director or directors, or officer or officers, or both, of a domestic corporation required to file a biennial report under section 33-298 have ceased to be in office, the director or officer or the corporation shall file as a matter of public record, within ninety days following the date of such cessation, a notice to that effect with the secretary of the state, except that when the corporation's biennial report is due within ninety days following the date of such cessation, such cessation may be reported in the corporation's biennial report. The notice shall be executed and filed as provided in section 33-285 and shall set forth: (1) The

The plaintiffs, the Local 218 Steamfitters Welfare Fund, the National Pension Fund and the Local Pension Fund, brought an action against the defendants in two counts. The first count, against the named defendant, claimed that from September 1, 1985, through March 31, 1986, it was obligated to pay the fund $14,329.41 for employer contributions due the fund under the applicable collective bargaining agreement. Count two made the same claims against Robert A. Krasnow and Peter S. Antink, Jr., as directors and/or officers of Cobra Pipe and Supply Company, Inc. (Cobra). The Cobra corporation, and Krasnow individually, admitted the allegations of the complaint while Antink denied them. Judgment by stipulation was rendered against Cobra and Krasnow. The trial court stated that the only issue in the case was the effect of Antink's alleged resignation "as an officer and/or director of the defendant corporation."

The court found the following undisputed facts: Prior to June 10, 1985, Antink was vice president and secretary of the defendant corporation and he delivered a written resignation from these offices to the corporation on that date.[3] His reason for resigning was that in a similar matter, a lien had been placed against his

name of the corporation; (2) the names of the individuals; (3) their respective former offices; and (4) the respective dates when they ceased to be in office.

"(b) When an individual or individuals have been appointed or elected to fill a vacancy in the board of directors or a vacant office, or to hold a position on the board of directors or an office, such corporation shall file as a matter of public record, within ninety days following the date of such appointment or election, a notice to that effect with the secretary of the state, except that when the corporation's biennial report is due within ninety days following the date of such appointment or election, such appointment or election may be reported in the corporation's biennial report. The notice shall be executed and filed as provided in section 33-285 and shall set forth: (1) The name of the corporation; (2) the names of the individuals; (3) the respective offices to which they have been appointed or elected; and (4) the respective dates of their appointments or elections."

[3] Neither the memorandum of decision nor the record indicates whether Antink was a director of the corporation.

house and he had come to realize that, as an officer, he was subject to personal liability. His resignation letter was an attempt to divest himself immediately of any corporate obligation or liability from that time. The last corporation report was filed with the Secretary of State on August 1, 1984. Antink never filed with the Secretary of State a notice that he had resigned.

The trial court concluded that Antink's resignation was effective immediately despite the lack of statutory notice to the Secretary of State. The court rendered judgment for the plaintiffs against Cobra and Krasnow and for the defendant Antink. The plaintiffs appealed from the judgment for Antink claiming that in an action against the corporate officer pursuant to General Statutes § 31-89a, the trial court erred in concluding (1) that the officer is relieved of liability under the statute if, prior to the accrual of the cause of action, the officer tenders his resignation to the corporation but nevertheless fails to file or have filed the notice required under General Statutes § 33-319a (a); and (2) that in such an action the plaintiffs must allege and prove that they were misled by or relied to their detriment upon the state of the record of the Secretary of State.

We summarily dispose of the second claim of error. The trial court stated that the "[plaintiffs seek] that Peter S. Antink, Jr., be estopped from asserting his resignation from the defendant corporation." The court further stated, however, that "[t]here is no claim or evidence that the plaintiff[s] [were] misled by or relied on the state of the record of the Secretary of State in any way which contributed to [their] damage." Thus, the court's decision did not depend to any degree on a theory of detrimental reliance, which was neither pleaded nor proven in the case. This claim of error, therefore, raises an issue which is not involved in the case and we do not consider it further.

We turn now to the sole issue in the case. The trial court summarized its views as follows: " 'In the absence of charter or statutory provisions to the contrary, the resignation of a corporate officer becomes complete, and his office becomes vacant the moment the resignation is made to the proper officer or body, which is usually the officer or body which appointed him, and it is not necessary that the resignation be accepted or that it be entered on the corporate minutes or that someone be elected to take his place, in order to make the resignation effective . . . .' [2 W. Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed. 1982) § 349, p. 146]. ( . . . 'Connecticut. See Conn. Gen. Stats. Ann. § 33-317 (b) providing that *a director* shall cease to be in office upon, inter alia, his resignation, which shall be *effective immediately* upon receipt by the corporation if no time is specified, or at such later date as he may specify.') (Emphasis added.) [2 W. Fletcher, Cyclopedia of the Law of Private Corporations (1981 Cum. Sup.) § 349, p. 28.] There is no statutory provision, in Connecticut, to the contrary. Certainly, § 33-319a, plainly read, is not to the contrary. Additionally, it would appear incongruent for the legislature to provide in its statutory scheme to declare a director's resignation to be effective immediately upon being given; see § 33-317 (b); and disallow the same as to an officer.

"In any event, the legislature could easily have provided in Sec. 33-319a that an officer's resignation would be effective immediately subject to statutory notice to the Secretary of State, had it so intended."

The plaintiffs concur with the "general proposition of law stated by the court" but insist that the provisions of § 33-319a alter the effect of this general rule. They proffer no case directly on point nor do they cite any treatise or other authority to buttress this claim. They point out that the enactment of § 33-319a provided that an officer or director who ceased to be in

office may file a notice with the Secretary of State. Public Acts 1967, No. 30, § 4. In 1983, § 33-319a was amended to its present form by Public Acts 1983, No. 83-545, § 5 (a), changing the word "may" to "shall." Public Acts 1983, No. 83-545, § 1, provided also for biennial, instead of annual, filing of notice of the names and addresses of officers and directors of corporations. The plaintiffs cite the following memorandum before the Judiciary Committee from Attorney Ruth Lifshitz, Staff Attorney for the Secretary of State:

"First, [House Bill No.] 6957 would change the reporting requirement for stock corporations, both domestic and foreign, from annual to biennial. In order to preserve the integrity of the reporting system generally, and to ensure that information on file in the Secretary of the State's office is as up-to-date as possible, several changes are proposed to the acts which correspond with the change from annual to biennial reports. Notification of changes of officers and directors, which is permissive under the current annual reporting system, would be *mandatory* under the proposed biennial reporting system. If reports are submitted biennially, it will be very important to require notification to the Secretary of the State's office of changes in officers and directors. Names of officers and directors supplied to the public must, when litigation is contemplated or consumer complaints are involved, be as up-to-date as possible." (Emphasis added.) Conn. Joint Standing Committee Hearings, Judiciary, Pt. 3, 1983 Sess., p. 912. From these and similar comments before the legislature the plaintiffs make the giant leap to the conclusion that if an officer resigns and fails to file statutory notice, his liability under § 31-89a is not terminated. We conclude to the contrary.

We note that the purpose of House Bill No. 6957 is stated to be "[i]n order to preserve the integrity of the reporting system generally." This purpose is of a house-

keeping or administrative nature. It falls far short of revealing an intention to extend the liability of a resigned officer under § 31-89a. The statute does not include any penalty for noncompliance, nor does it state that an officer's resignation is effective only after it has been filed with the Secretary of State. Most significantly, it makes no reference to the continuation of a resigned officer's liability under § 31-89a, in the event of lack of such notification, in contravention of the long accepted general rule that a corporate officer's resignation is effective on delivery. "The use of [certain words] cannot, without other apparent intention in the statute, be a basis for abolishing a long-established common-law rule *wholly unrelated to the central thrust of the entire act.* Courts should not read into clearly expressed legislation provisions which do not find expression in its words. *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121 (1975). 'In the interpretation of a statute, a radical departure from an established policy cannot be implied. It must be expressed in unequivocal language.' *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 667, 103 A.2d 535 (1954)." (Emphasis added.) *Gomeau* v. *Forrest,* 176 Conn. 523, 527, 409 A.2d 1006 (1979). "We are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained." *Schurman* v. *Schurman,* 188 Conn. 268, 273, 449 A.2d 169 (1982). Nor can we engraft language not clearly intended by its enactment onto legislation. See *Zapata* v. *Burns,* 207 Conn. 496, 503–504, 542 A.2d 700 (1988).

Finally, the plaintiffs rely on the fact that under General Statutes § 33-317 (b) (2) a director's resignation shall be effective immediately upon receipt by the corporation, while there is no such statutory provision concerning an officer. We have been unable to find any stated reason for such a distinction. We are, however, unpersuaded that the distinction is sufficient to evince

a legislative intent to overturn the generally accepted rule that either an officer or a director may resign effective immediately. "A director or other officer of a corporation may resign at any time and thereby cease to be an officer, subject, of course, to any express charter or statutory provisions to which he had expressly or impliedly assented in accepting office . . . . As some courts express it 'as a general rule, such officers may resign at will.' " 2 W. Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed. 1982) § 345, p. 141. "In the absence of statutory provisions or mandatory requirements of articles of incorporation or bylaws, a resignation [of officers or directors] is effective immediately unless made conditional." 18B Am. Jur. 2d 315, Corporations § 1423.

There is no error.

In this opinion the other justices concurred.