[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Woodbridge Plan and Zoning Commission ("PZC") has filed this appeal from a ruling by the Freedom of Information Commission ("FOIC"). In that ruling, the FOIC ordered the PZC to print out and furnish to Alfred Marzullo and Marzullo Associates certain material entered into a laptop computer by a subcommittee CT Page 897 of the PZC charged with drafting a proposal for an affordable housing amendment to the zoning regulations for the Town of Woodbridge.
In an order dated May 10, 1995, the POIC rejected the PZC's claim that the material in the subcommittee member's laptop computer was exempt from disclosure pursuant to General Statutes § 1-19(b)(1).
Aggrievement
The FOIC does not contest aggrievement, and the court finds that the PZC is aggrieved as its legally protected interest has been adversely affected by the FOIC's ruling. Rose v. Freedom ofInformation Commissioner, 221 Conn. 217, 230 (1992).
History of the Proceeding
By a letter dated August 17, 1994, Alfred M. Marzullo requested that the PZC furnish him with a copy of "your subcommittee's draft affordable housing amendment." The Chairman of the PZC, Norman Feinberg, responded by a letter dated August 22, 1994, that
 "[t]he subcommittee's draft has not yet been presented to the full Commission. As [sic] and when the draft amendment is presented to the Commission, the Commission will follow the procedures for notice and hearing set forth in Section 11.1 of the regulations and Section 8-3 of the General Statutes. Notice of the public hearing will be published at least twice and a copy of the proposed amendment will be filed in the Town Clerk's office at least 10 days before the hearing. In short, you will be afforded ample opportunity to review and comment on the proposed amendment when it is presented by the Commission for public hearing.
 Since the subcommittee has not completed its work, the preliminary draft is not a "public record" required to be disclosed under the Freedom of Information Act, § 1-19(b)(1) of the General Statutes."
Mr. Marzullo and Marzullo Associates filed an appeal from this denial with the FOIC, which conducted a hearing on March 20, 1995. CT Page 898
At the hearing, Mr. Marzullo testified that he had attended two meetings of a subcommittee of the PZC charged with drafting a proposal to amend the Woodbridge zoning regulations. He testified that the subcommittee had been working on a document in a computer owned by a member of the subcommittee and that while he "believe[d]" that subcommittee produced a copy, "[i]t may actually be only in a computer someplace." (Record, p. 5, 15) and that "a document did exist in its preliminary form" in the computer. (Record, p. 15).
No member of the subcommittee testified. The chairman of the PZC, Mr. Feinberg, testified that at three work sessions the subcommittee "discussed and attempted to come up with a preliminary draft of proposed affordable housing regulations which they would thereafter submit to the full commission for its review" (Record, p. 10), that "that draft, the work on that draft stopped as I say, when the appeal was commenced;" id., and that the full commission had not been presented with any draft regulations by the subcommittee."
Mr. Feinberg was asked at the hearing
 "is that subcommittee itself reviewing its own preliminary proposals of some kind, or whatever?"
(Record, p. 11).
He responded that he had not seen a draft but that his understanding was that "they are" and that "there may be some preliminary version of it in existence," but that "[i]t was a continually ongoing revision process and discussion." He stated that the draft was not completed and was subject to further revision as of June 1995, when the subcommittee stopped meeting. (Record, p. 11).
Mr. Feinberg testified that upon receiving Mr. Marzullo's request for a copy of the material in the subcommittee member's computer, the Commission sought the advice of counsel and that he replied "on behalf of the Commission" that the draft was not yet ready to be presented by the subcommittee. Mr. Feinberg testified that he described the procedures under Section 8-3 of the Connecticut General Statutes in his letter to Mr. Marzullo and advised Mr. Marzullo of "our regulations for public comment on proposed amendments." (Record, p. 9). CT Page 899
The PZC took the position at the hearing that its interest in adhering to its own regulations and to General Statutes § 8-3
with regard to dissemination of any eventual proposed amendments justified its refusal to print out and provide to Mr. Marzullo a copy of the draft on which the subcommittee was working.
The FOIC issued a proposed finding, on which the PZC commented, and, thereafter, a final decision. In that decision the FOIC found that "the draft amendment" was contained in a portable computer and that the material was viewable on the computer screen to enable the subcommittee to discuss and revise it at meetings. The FOIC found that the material constituted a "public record" within the meaning of § 1-18a(d) C.G.S. The FOIC found that the draft had been prepared by members of the subcommittee, not by staff, and that it must be disclosed.
With regard to the PZC's claim that the draft was exempt from disclosure pursuant to General Statutes § 1-19(b)(1), the FOIC made only the following findings:
 10. The respondent claims that its denial of the complainant's request was based on the advice of its counsel.
 11. It is also found that at no time did the respondent independently determine that the public interest in withholding such documents clearly outweighs the public interest in disclosure, nor does the record in this matter support such a conclusion.
 12. It is concluded that the respondent has failed to establish that the record at issue is exempt pursuant to § 1-19(b)(1), G.S.
Statement of the Issue
General Statutes § 1-19(b)(1) provides that "[n]othing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of 1) preliminary drafts or notes provided the public agency has determined that the public interest in withholding such documents clearly outweighs the public interest in disclosure. "
In Wilson v. Freedom of Information Commission, 181 Conn. 324
(1980), the Connecticut Supreme Court read the above exemption as CT Page 900 broadly exempting pre- decisional drafts from disclosure.
The legislature promptly enacted an amendment to the Freedom of Information Act, P.A. 81-431, which at Section 1 set forth an amendment to the substance of § 1-19(b)(1) as interpreted by the Supreme Court in Wilson. That amendment, now codified as § 1-19(c)(1) provides as follows:
 (c) Notwithstanding the provisions of subdivision (1) of subsection (b) of this section, disclosure should be required of (1) interagency or intra-agency memoranda or letters, advisory opinions, recommendations or any report comprising part of the process by which governmental decisions and policies are formulated, except disclosure shall not be required of a preliminary draft of a memorandum, prepared by a member of the staff of a public agency, which is subject to revision prior to submission to or discussion among the members of such agency.
Clearly, if the computer entry at issue were the work of a staff member rather than of actual members of the PZC, it would be exempt pursuant to § 1-19(c)(1). Drafts other than those prepared by staff members are exempt from disclosure if they have not yet become "memoranda," "letters," "advisory opinions," "recommendations" or "reports" pursuant to § 1-19(c)(1), and if the other requirements of § 1-19(b)(1) are met. Since the author of the material in the committee member's computer was not a staff member, it is necessary to review the Commission's determination that the PZC has not established that the draft is exempt from disclosure pursuant to § 1-19(b)(1) because the PZC relied on legal counsel in balancing the interests in disclosure and nondisclosure.
Standard of Review
Judicial review of the rulings of the Freedom of Information Commission is governed by the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., and the scope of that review is limited. Ottochian v. Freedom of InformationCommission, 221 Conn. 393, 397 (1992); Board of Education v.Freedom of Information Commission, 208 Conn. 442, 452 (1988). The reviewing court is limited to deciding whether the commission, in issuing its order, acted unreasonably, arbitrarily or illegally or abused its discretion. Ottochian v. Freedom of InformationCommission, 221 Conn. 397; Cos Cob Volunteer Fire Co. No. 1 v.CT Page 901Freedom of Information Commission, 212 Conn. 100, 104-105 (1989).
"Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically flow from such facts." Id., citing New Haven v.Freedom of Information Commission, 205 Conn. 767, 774 (1988). The court is not to retry the case or substitute its own judgment for that of the administrative agency. Ottochian v. Freedom ofInformation Commission, 221 Conn. 397-98; C H Enterprises, Inc.v. Commissioner of Motor Vehicles, 176 Conn. 11, 12 (1978).
However, where the FOIC has departed from general principles of statutory construction in reaching its interpretation of the statute it enforces, deference is not to be given to its interpretation, Connecticut Alcohol Drug Abuse Commission v.FOIC, ("CADAC") 233 Conn. 28, 39 (1995).
In CADAC, the Supreme Court faulted the trial court for giving "undue deference" to the FOIC's interpretation of the provision of the Freedom of Information Act, apparently because the FOIC's interpretation of the statutory exemption at issue failed to comport with general principles of statutory construction. CADAC, 233 Conn. 42. Similarly, in Gifford v.Freedom of Information Commission, 227 Conn. 641, 652 (1993) the Supreme Court found that the FOIC's interpretation of a statutory exemption was properly rejected by the reviewing court where that interpretation did not accord with well-settled principles of statutory construction. See also University of Connecticut v.Freedom of Information Commission, 217 Conn. 322, 328 (1991).
In Elections Review Committee of the Eighth UtilitiesDistrict v. FOIC, 219 Conn. 685, 698 (1991), the Supreme Court explained that "[w]e are not bound by the interpretation of an agency on questions of law, such as interpretation of a statute" and found that the FOIC's interpretation in that case was not supported by the legislative history of a particular provision of the Freedom of Information Act. Id.
The burden of proving the applicability of an exception to the duty to disclose rests upon the party claiming the exception.Rose v. Freedom of Information Commission, 221 Conn. 217, 232
(1992); Hartford v. Freedom of Information Commission, 201 Conn. 421,431 (1986); Maher v. Freedom of Information Commission,192 Conn. 310, 315 (1984). CT Page 902
Imposition of Requirements Not Stated in the Statute
The PZC objects that the FOIC rejected its claim of exemption pursuant to § 1-19(b)(1) on the basis of its non-fulfillment of a requirement not stated in that statute. An agency declining to give a member of the public a "preliminary draft" pursuant to § 1-19(b)(1) must determine that "the public interest in withholding such documents clearly outweighs the public interest in disclosure." The FOIC found that the PZC did not make that determination "independently" (Ruling, paragraph 11) and that the denial was claimed to be "based on the advice of its counsel." (Ruling, paragraph 10.) The FOIC followed these findings concerning the method of the PZC's weighing process with the conclusion that the agency had not proven an exemption pursuant to § 1-19(b)(1). Both the words and the organization of the ruling of the FOIC indicate clearly that the FOIC found that the PZC's weighing of the interests in disclosure against those in nondisclosure was defective because it was not "independent." The FOIC made no finding that the material was not a "draft" within the meaning of § 1-19(b)(1) nor did the FOIC make any finding that the PZC had failed to perform the involvement of counsel and involvement of counsel in the agency's consideration of the interests for and against disclosure. The sole reason stated by the FOIC was the lack of an "independent" weighing process by the PZC.
A. § 1-19(b)(1)
The provision of the Freedom of Information Act, §1-19(b)(1), that the PZC claims is applicable includes no requirement that the weighing of the interests to be served by disclosure or nondisclosure be performed by the administrative agency independent of legal advice. The word "independently" does not appear in that provision, nor does the provision contain any other wording that would support the interpretation of the FOIC that an administrative body must weigh the statutory considerations without recourse to its usual sources of advice.
The general rules of statutory construction apply to the Freedom of Information Act, just as they apply to other statutes.CADAC v. FOIC, 233 Conn. 39; Gifford v. Freedom of InformationCommission, 227 Conn. 641, 652 (1993). It is an axiom of statutory construction that statutes cannot be construed to contain provisions, exceptions or limitations not clearly stated CT Page 903 in the words of the statute. Chairman v. Freedom of InformationCommission, 217 Conn. 193, 200 (1991); Frazier v. Manson,176 Conn. 638, 642 (1979). The scope of a statute is to be determined by reference to the language actually used in the legislation.Vaillancourt v. New Britain/Litton, 224 Conn. 382, 391, 396
(1993); Caltabiano v. Planning and Zoning Commission, 211 Conn. 662,666 (1989); Local 218 Steamfitters Welfare Fund v. CobraPipe Supply Coil Co., 207 Conn. 639, 645 (1988); Schurman v.Schurman, 188 Conn. 268, 273 (1982). Adjudicators may not substitute their own ideas of what might have been a wise provision by engrafting requirements or exceptions different from what the legislature actually enacted. Barrett Builders v.Miller, 215 Conn. 316, 328 (1990); Colli v. Real EstateCommission, 169 Conn. 445, 452 (1975), nor may they engraft language on to legislation, Zapata v. Burns, 207 Conn. 496,503-504 (1988).
The sole finding and explanation set forth in the ruling of the FOIC is that § 1-19(b)(1) was not applicable because the PZC did not perform the requisite balancing of considerations "independently" and that it relied on the advice of counsel. By its express terms and words, the Freedom of Information Act does not prohibit receipt of advice of counsel, nor does it require that the balancing be done without such aid.
The construction of the FOIC is at odds with the general principle that municipal agencies are entitled to seek and rely upon legal advice in performing their duties. Ghent v. ZoningCommission, 220 Conn. 584, 597 (1991). In Spero v. Zoning Boardof Appeals, 217 Conn. 435, 444-45 (1991), the Connecticut Supreme Court stated that zoning authorities are entitled to obtain technical and professional assistance, including assistance on legal matters such as interpretations of their own regulations. In this case, as in Spero, the FOIC made no finding that the Commission itself failed to make the required decision; rather, the FOIC ruled that the invocation of the exemption of §1-19(b)(1) was invalid because the commission made the decision upon receiving advice from its counsel. The record contains no evidence from which the FOIC could have concluded that counsel alone, and not the commission, made the judgment that the weightier considerations favored nondisclosure of the draft that was being prepared. It was the chairman of the commission, not counsel, who wrote to Mr. Marzullo explaining the Commission's reasoning, and he described that reasoning as his own. CT Page 904
In its brief at page 5, the FOIC urges this court to view its requirement of action independent of the input of legal counsel as supported by a "policy of administrative decision-making." The FOIC cannot, however, impose requirements not stated in statutes and limit exemptions on the basis of standards not mandated by statute. General Statutes § 1-19(b)(1) does not require a municipal commission to reach its conclusions without consultation with legal counsel. By imposing that requirement as a condition to the applicability of the exemption for preliminary drafts of documents, the FOIC abused its discretion and acted in excess of its statutory authority.
The Supreme Court has stated unequivocally in Van Norstrandv. Freedom of Information Commission, 211 Conn. 339, 344-45
(1989) that once an administrative agency has determined that the public interest in withholding a preliminary draft outweighs the public interest in disclosing it, the FOIC may not substitute its own views for those of the agency, so long as the agency's determination is not frivolous or patently unfounded. In this case, the PZC estimated that the public interest was best served by adherence to its procedure of disseminating proposals for zoning regulations only when drafts had actually become proposals, and to post actual proposed changes — as opposed to changes that were never proposed to be enacted — for public comment in accordance with its regulations, General Statutes § 8-3, lest the PZC be seen to have favored individuals with access to information before the official notification to the town at large. At any rate, the FOIC made no finding that the PZC's determination was frivolous; rather, the only reason the FOIC stated for rejecting the PZC's determination was the participation of legal counsel.
B. § 1-19(C)(1)
The FOIC found that the computer entry at issue was not exempt from disclosure pursuant to § 1-19(c)(1), an alternative ground asserted by the PZC. The PZC had argued that a draft being prepared by a subcommittee should be exempt because of the exemption in § 1-19(c)(1) for "a preliminary draft of a memorandum, prepared by a member of the staff of a public agency, which is subject to revision prior to submission to or discussion among the members of such agency." This exemption as to drafts of memoranda is, on its face, limited to situations in which the item is the work of staff, not of agency or commission members, and it is inapplicable to the computer entry at issue. CT Page 905 The inapplicability of § 1-19(c)(1) does not establish that § 1-19(b)(1) is likewise inapplicable, and the FOIC did not so decide. Rather, the FOIC properly considered the two exemption provisions separately. While it correctly found that the exemption for staff memoranda in § 1-19(c)(1) was inapplicable, it erred in adjudicating the applicability of §1-19(b)(1), in that it read that provision as containing limitations on the agency's reliance in legal advice that were not imposed by the General Assembly.
Conclusion
The FOIC improperly determined that § 1-19(b)(1) was inapplicable because the PZC had received legal advice in performing the balance of interests required by that provision.
The appeal is sustained and the case is remanded to the FOIC.
Beverly J. Hodgson Judge of the Superior Court