[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have moved for summary judgment on their special defense that the plaintiff cannot recover the commission that is the subject of his complaint because he did not hold a real estate license at the time of the transaction at issue.
As a threshold issue, the plaintiff objects that a party may not move for summary judgment as to a defense but only as to a claim, counterclaim or crossclaim. In fact, Practice Book §17-44 (formerly § 379) provides that "[i]n any action . . . any party may move for summary judgment at any time . . ." The provision is not limited in the manner suggested by the plaintiff. The Supreme Court has recognized that various kinds of legal bars to claims may be raised by a motion for summary judgment. See, e.g., Nolan v. Borkowski, 206 Conn. 495, 500
CT Page 5501 (1988); Mingachos v. CBS, Inc., 196 Conn. 91 (1985); (bar of worker's compensation statute); Barrett Builders v. Miller,215 Conn. 316 (1990) (bar of requirements of Home Improvement Act). The trial court rulings filed by the plaintiff overlook these Supreme Court precedents.
Standard of Review
It is well settled that a party seeking summary judgment has the burden of showing what the undisputed material facts are and that the facts entitle the movant to judgment as a matter of law. Practice Book § 17-49 (formerly P.B. § 384); Doty v. Mucci,238 Conn. 800, 805-806 (1996); Miller v. United Technologies Corp. ,233 Conn. 732, 751-52 (1995); Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434 (1980). The issue is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell,214 Conn. 242, 246-47 (1990).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to nonmoving party. Doty v. Miller, 238 Conn. at 805.
Claim of Bar to Course of Action
The plaintiff claims in his amended complaint that in November 1990, the president of defendant Roncalli Healthcare Managers, Ernest Cahoon, contacted him on behalf of that entity and on behalf of defendant Golden Heights Health Center, Inc. and Grand Street Pavilion Inc. to find a buyer for four long-term care facilities and an apartment complex. The plaintiff alleges that Cahoon, on behalf of the defendants, agreed to pay Thomas $50,000. for each facility for which Thomas located a buyer. He further alleges that he located an investor named Burrell and traveled with Burrell to Connecticut so that Burrell could view the facilities. Thomas alleges that Burrell set up a partnership that bought three of the facilities. Drafts of documents memorializing the alleged agreement between the plaintiff and the defendants with regard to a fee for his efforts were prepared, but the plaintiff does not allege that any of the defendants ever signed any of the proposed agreements.
The plaintiff claims that he performed the services that were the subject of the oral agreement but that the defendants have failed to pay his fee. CT Page 5502
The plaintiff has claimed breach of contract in Count One; unjust enrichment in Count Two; misappropriation by defendant Doherty in Count Three; "reckless" breach of contract in Count Four; a violation of the Connecticut Unfair Trade Practice Act in Count Five; fraud by defendant Doherty in Count Six; and negligent misrepresentation in Count Seven. All claims are alleged to arise from the failure of the defendants to pay him a fee for locating the eventual buyer.
In their second special defense, the defendants allege that "[t]he plaintiff's claims are barred by the operation of §20-325a of the Connecticut General Statutes, as made and provided;" and they seek summary judgment as to all of the plaintiff's claims.
Conn. Gen. Stat. § 20-325a which is titled "Actions to recover commissions arising out of a real estate transaction," provides in relevant part that "[n]o person who is not licensed under the provisions of [Chapter 392], and who was not so licensed at the time he performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state, after October 1, 1971, to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter."
The plaintiff has admitted in a deposition that he did not hold a real estate license in the State of Connecticut or any other state. He has filed no affidavit or other submission to put this fact in dispute. What the parties dispute is whether the services for which the plaintiff seeks to recover a payment are services or acts for which a real estate broker's license is required as a condition for maintaining a claim for payment.
The defendants take the position that the undisputed facts for purpose of their motion are those set forth in the allegations of the amended complaint, the plaintiff's admitted lack of a real estate license, and the fact that the facilities being sold included the real estate on which said facilities are situated. (Defendants' Memorandum in Support of Motion for Summary Judgment; filed 3/16/98, at page 6). The defendants have not shown the existence of undisputed facts to the effect that the plaintiff listed the premises for sale, participated in CT Page 5503 negotiation or had any role other than calling the availability of the nursing homes to the attention of the investor who eventually bought them.
Conn. Gen. Stat. § 20-312 (a) prohibits a person from "act[ing] as a real estate broker or real estate salesperson without a license issued by the Commission . . ." "Real estate broker" is defined in § 20-311 (1) as a person who "lists for sale, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of, an estate or interest in real estate or a resale of a mobile manufactured home . . . or collects or offers or attempts to collect rent for the use of real estate . . ." "Real estate salesperson" is defined in § 20-311 (2) as a person who is affiliated with a real estate broker "to list for sale, sell or offer for sale, to buy or offer to buy or to negotiate the purchase or sale or exchange of real estate, or to offer for resale a mobile manufactured home . . . or to lease or rent or offer to lease, rent or place for rent any real estate . . ."
The same statute defines "engaging in the real estate business" as "acting for another and for a fee, commission or other valuable consideration in the listing for sale, selling, exchanging, buying or renting, or offering or attempting to negotiate a sale, exchange, purchase or rental of, an estate or interest in real estate or a resale of a mobile manufactured home . . . or collecting upon a loan secured or to be secured by a mortgage or other incumbrance upon or transfer of real estate."
The movant's submissions do not establish that the plaintiff engaged in any of the acts specified as acts for which enforcement of a fee agreement is limited to holders of real estate licenses.
It is an axiom of statutory construction that statutes cannot be construed to contain provisions, exceptions or limitations not clearly stated in the words of the statute, Chairman v. Freedomof Information Commission, 217 Conn. 193, 200 (1991); Frazier v.Manson, 176 Conn. 638, 642 (1979). The scope of a statute is to be determined by reference to the language actually used in the legislation. Vaillancourt v. New Britain Machine/Litton,224 Conn. 382, 391, 396 (1993), Caltabiano v. Planning and ZoningCommission, 211 Conn. 662, 666 (1989); Local218 Steamfitters Welfare Fund v. Cobra Pipe Supply and Coil Co.,207 Conn. 639, 645
(1988); Schurman v. Schurman, 188 Conn. 268, 273 (1982). CT Page 5504 Adjudicators may not substitute their own ideas of what might have been a wise provision by engrafting requirements or exceptions different from what the legislature actually enacted.Barrett Builders v. Miller, 215 Conn. 316, 328 (1990); Colli v.Real Estate Commission, 169 Conn. 445, 452 (1975), nor may judges engraft language on to legislation, Zapata v. Burns,207 Conn. 496, 503-504 (1988).
The statutes defining the services that cannot be performed for a fee without a license do not include the calling of a purchase opportunity to the attention of a prospective investor, where the finder is not actually offering to sell, listing the property, preparing an offer, or participating in negotiations. Since the movants have not demonstrated undisputed facts to the effect that the plaintiff's participation included any of the tasks enumerated in the applicable statutes, they are not entitled to summary judgment.
Conclusion
The defendants motion for summary judgment on their special defense involving the real estate licensing requirements is denied. Trial remains scheduled for June 16, 1998.
BEVERLY, J. HODGSON JUDGE OF THE SUPERIOR COURT