[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this case is whether the court has jurisdiction over those counts that a taxpayer has added by way of an amendment to the complaint in a real estate tax appeal adding grand list years following a new revaluation without first appearing before the board of assessment appeals as required by General Statutes § 12-111.
The plaintiff, S S Realty, is the owner of an apartment complex located at 44-46 Camp Street in Middletown. In early 1998, the plaintiff appealed the assessment of its property on the October 1, 1997 grand list to the board of assessment appeals as required by General Statutes §12-111. The 1997 assessment was based upon the property's fair market value of $4,368,143 at the time of the last statutorily mandated revaluation conducted by the city in 1987. The board of assessment appeals denied the plaintiff's application for relief. Following the denial, the plaintiff filed this appeal in the superior court pursuant to General Statutes § 12-117a. After the plaintiff filed this appeal, the city conducted a statutorily mandated revaluation of all the real estate in the city on the October 1, 1998 grand list. On October 1, 1998 grand list, the city changed the assessment on the plaintiff's property to reflect a fair market value of $2,570,400 as of the October 1, 1998 revaluation date. Subsequent to the revaluation date, the plaintiff amended its complaint pursuant to General Statutes § 12-117a to include the subsequent tax years of October 1, 1998, October 1, 1999, and October 1, 2000 by adding counts two, three and four, respectively.
The defendant moves to dismiss this action as to counts two, three and four on the basis that the counts based upon assessments for grand lists of October 1, 1998, 1999 and 2000 were filed without first appearing before the board of assessment appeals as required by General Statutes § 12-111. The defendant contends that the court has no jurisdiction to hear these counts because the plaintiff did not comply with statutory CT Page 8203 mandate prescribed in § 12-111. The plaintiff, on the other hand, contends that § 12-117a specifically allows any subsequent challenge to a grand list valuation to be included within any pending tax appeal.
The issue in this case deals with the interpretation of § 12-117a. "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) Anderson Consulting, LLP v. Gavin, 255 Conn. 498,512, 767 A.2d 692 (2001).
There is a pervasive statutory scheme that has been developed by the legislature for the assessment of real estate and the procedure for challenging that assessment is by a process which is carefully balanced by both procedural and substantive remedies. City v. Dana InvestmentCorporation, 249 Conn. 1, 20, 730 A.2d 1128 (1999). To challenge a real estate assessment, our statutes provide that a taxpayer, who is aggrieved by the actions of the assessor, may appeal his or her decision to the board of assessment appeals pursuant to § 12-111. If a taxpayer is aggrieved by the decision of the board of assessment appeals, the taxpayer may then proceed to appeal this decision to the Superior Court within two months from the date of notice of such action. General Statutes § 12-117a. The Superior Court has no jurisdiction to hear the taxpayer's complaint until the taxpayer has first exhausted his or her administrative appeal by appealing the assessor's action to the board of assessment appeals. See Fish Unlimited v. Northeast Utilities ServiceCo., 254 Conn. 1, 12, 756 A.2d 262 (2000). Since our legislature has established this process of first seeking relief from the action of the assessor by appearing before the board of assessment appeals, only the legislature can properly provide a by-pass of this process to reach the jurisdiction of the superior court in tax appeal matters. The legislature has provided such a by-pass by enacting Public Act 69-318, which is now incorporated in § 12-117a: "If, during the pendency of such appeal, a new assessment year begins, the applicant may amend his application as to any matter therein, including an appeal for such new year, which is affected by the inception of such new year and such applicant need not appear before the board of tax review or board of assessment appeals, as the case may be, to make such amendment effective."
"The process of statutory interpretation involves a reasoned search for CT Page 8204 the intention of the legislature." Frillici v. Westport, 231 Conn. 418,431, 658 A.2d 557 (1994). In seeking the intent of the legislature, our first consideration is to look at the language of the operative statutory provisions. Kelly v. City of Bridgeport, 61 Conn. App. 9, 14, 762 A.2d 480
(2000), cert. denied, 255 Conn. 933, 767 A.2d 104 (2001), citing Fimianiv. Star Gallo Distributors, Inc., 248 Conn. 635, 641-42, 729 A.2d 212
(1999). The operative statutory provisions of § 12-117a are "during the pendency of an appeal," "a new assessment year begins," "the applicant may amend," "as to any matter therein," "including an appeal for such new year," and "such applicant need not appear before the board of tax review to make such amendment effective." There is nothing in this statutory language which purports to limit amendments to a pending tax appeal to those years related to the revaluation period at issue in the initial complaint. If we were to add a clause in this statutory provision to restrict amendments to those years related to the initial revaluation, we would be impermissibly reading into the statute a legislative intent that has not been expressed. This we cannot do since "`the legislature is capable of providing explicit limitations when that is its intent.'" Rumbin v. Utica Mutual Ins., 254 Conn. 259, 266,757 A.2d 526 (2000), quoting Lynn v. Haybuster Mfg., Inc., 226 Conn. 282,290, 627 A.2d 1288 (1993). "We are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained . . . [n]or can we engraft language not clearly intended by its enactment onto legislation." (Citations omitted; internal quotation marks omitted.) Local 218 Steamfitters Welfare Fund v. CobraPipe Supply Coil Co., 207 Conn. 639, 645, 541 A.2d 869 (1988).
In the legislative history of Public Act 69-318, Senator Jackson, Representative Spiegel and Representative Willard stated that the purpose of the bill was to permit a taxpayer, who had appeared before a board of tax review (now board of assessment appeals), and had filed an appeal to the superior court, to file an amendment to his or her appeal to include a new tax year that had come into effect without the need to appear before the board "a second or possibly third time." 13 S. Proc., Pt. 4, 1969 Sess., p. 1496; 13 H.R. Proc., Pt. 5, pp. 2412-13; 13 H.R. Proc., Pt. 5, p. 2413. It does not appear from the legislative history that the legislators were thinking about revaluation dates intervening during the pendency of a tax appeal.
The problem that is posed by the statutory authorization to amend a tax appeal to include subsequent tax years without appearing before the board of assessment appeals is that the court would be faced with determining valuation based upon two different revaluation years. As in the present case, the court would have to consider the revaluation year of October 1, 1987 to establish the fair market value of the subject property on the October 1, 1997 grand list. For the October 1, 1998, October 1, 1999 and CT Page 8205 October 1, 2000 grand lists in counts two, three and four of the plaintiff's amended complaint, the court must determine the fair market of the subject property as of the revaluation year of October 1, 1998. We do not consider this to be an insurmountable problem since appraisers could provide the court with the proper valuation on each of the revaluation dates to assist the court in making its determination. While a determination of fair market value for two revaluation dates may make the court proceedings more complicated, this does not impact the plaintiffs standing under the plain words of General Statutes § 12-117a, so as to render the court without jurisdiction to consider the counts addressing the subsequent years added by amendment.
We conclude that the court has jurisdiction under the plain words of § 12-117a over counts added by a taxpayer for subsequent grand list years without first appearing before the board of assessment appeals, regardless of whether there has been a revaluation during the pendency of the plaintiff's appeal. Accordingly, the defendant's motions to dismiss counts two, three and four of the plaintiff's complaint are denied.
Arnold W. Aronson Judge Trial Referee