LYNNE DRAHAN *v.* BOARD OF EDUCATION
OF REGIONAL SCHOOL DISTRICT
NUMBER 18 ET AL.
(14972)

Landau, Heiman and Spear, Js.

Argued June 5—officially released August 6, 1996

*John M. Gesmonde*, for the appellant (plaintiff).

*Dana Shaw MacKinnon*, with whom, on the brief, was *Richard D. O'Connor*, for the appellees (defendants).

HEIMAN, J. The plaintiff appeals from the judgment of the trial court rendered in favor of the defendants.[1] The trial court granted the defendants' motion to dismiss counts one and three of the plaintiff's four count

---

[1] The defendants are the board of education of regional school district number 18 (board), Julius D'Agostino, Adam S. Burrows and Gail Karowski. D'Agostino is named in his capacity as superintendent of schools and agent of the board, and Karowski and Burrows are named in their capacities as evaluators of the plaintiff appointed by D'Agostino.

amended complaint and, subsequently, granted the defendants' motion for summary judgment on the remaining two counts. The plaintiff claims that the trial court's rulings were improper.[2] We affirm the judgment of the trial court.

The trial court set out the following undisputed relevant facts.[3] The plaintiff was hired by the board as a teacher in September, 1974. She remained in her position until December, 1982, at which time she took a leave of absence. At the time the plaintiff took her leave of absence, she had attained tenure.[4] The plaintiff's

[2] The plaintiff's claims are as follows: "(1) Did the court err in dismissing counts 1 and 3 of the plaintiff's first amended complaint for the reason that the plaintiff did not appeal the non-renewal of her contract of employment within thirty (30) days pursuant to [General Statutes (Rev. to 1993)] § 10-151 (f) when: (a) § 10-151 (f) applies only to termination of contract hearings as provided in subsection (d) of said statute, (b) the plaintiff did not have a termination of contract hearing, but a non-renewal of contract hearing, and her contract of employment was not terminated, (c) there is no statutory appeal from the non-renewal of a teacher's contract of employment, and (d) the plaintiff's complaint was not an appeal, but a direct action against the defendant board of education?

"(2) Did the court err in granting summary judgment against the plaintiff as to count 1 of the second amended complaint.

"(3) Did the court err in granting summary judgment against the plaintiff as to count 2 of the second amended complaint on the basis that the plaintiff failed to state a cause of action because the court had already concluded that the plaintiff was a non-tenured teacher and/or that any negligence on the part of her evaluators would not diminish the discretionary nature of the renewal or non-renewal of her contract."

As to the plaintiff's multipart first claim, the plaintiff's argument in her brief is not "divided under appropriate headings into as many parts as there are points to be presented." Practice Book § 4065. We, nonetheless, address the plaintiff's general claim that the trial court improperly dismissed counts one and three of her first amended complaint pursuant to General Statutes § 10-151 (f).

[3] The trial court set out these undisputed facts in its memoranda of decision on the defendants' motion to dismiss and motion for summary judgment.

[4] General Statutes § 10-151 (a) provides: "(6) The term 'tenure' means: (A) The completion of thirty school months of full-time continuous employment for the same board of education. . . ." General Statutes § 10-151 (d) provides: "The contract of employment of a teacher who has attained tenure shall be continued from school year to school year, except that it may be terminated at any time for [certain enumerated reasons] . . . ."

leave of absence was to be from December, 1982, to the end of the 1983-84 school year. At the close of the 1983-84 school year, the plaintiff received a letter from the board inquiring whether she intended to return to her position in September, 1984. The plaintiff responded by letter, dated June 18, 1984, stating that she would not return. On June 20, 1984, the board accepted the plaintiff's resignation. By letter dated June 21, 1984, and signed by the superintendent of schools, the plaintiff was notified of the board's acceptance of her resignation. The plaintiff was rehired by the board in August, 1989, when she signed a one year contract of employment to run from August 30, 1989, to August 30, 1990. The plaintiff was rehired by the board on two successive occasions. The plaintiff signed a second contract of employment for the period of August 29, 1990, to August 31, 1991, and a third contract to run from August 28, 1991, to August 31, 1992. During the third contract period, the plaintiff received evaluations that indicated that her performance was poor. The superintendent recommended to the board that the plaintiff's contract not be renewed for a fourth year. The board accepted the superintendent's recommendation. Prior to the conclusion of the 1991-92 school year, the board, by letter dated March 26, 1992, notified the plaintiff of its decision not to renew the plaintiff's contract for the 1992-93 school year.[5]

The following procedural events took place subsequent to the board's refusal to renew the plaintiff's contract. A formal hearing was held before the board regarding the nonrenewal of the plaintiff's contract. By letter dated May 13, 1992, the board notified the plaintiff that it had voted to affirm its decision not to renew her contract. On June 25, 1992, the plaintiff filed an

---

[5] Whether the plaintiff had attained tenure by the time the board declined to renew her contract for the 1992-93 school year is a contested issue of law on appeal. See part II of this opinion.

application for a temporary injunction accompanied by a four count complaint. The complaint was later amended.

The first three counts of the plaintiff's amended complaint are directed at the actions of the board. Counts one and three allege that the board improperly failed to renew the plaintiff's contract in violation of General Statutes § 10-151, commonly known as the Teacher Tenure Act. The second count alleges that the board violated the plaintiff's constitutional rights as a tenured teacher in not renewing her contract. The fourth count, directed at all four defendants, alleges that the plaintiff had been negligently evaluated in violation of General Statutes § 10-151b.[6]

The defendants filed a motion to dismiss the plaintiff's amended complaint. The trial court granted the motion as to counts one and three on the ground that the court did not have jurisdiction as to those counts because they were not timely filed pursuant to General Statutes § 10-151 (f).[7]

---

[6] General Statutes § 10-151b (a) provides: "The superintendent of each local or regional board of education shall, in accordance with guidelines established by the State Board of Education for the development of evaluation programs and such other guidelines as may be established by mutual agreement between the local or regional board of education and the teachers' representative chosen pursuant to section 10-153b, continuously evaluate or cause to be evaluated each teacher. The superintendent shall report the status of such evaluations to the local or regional board of education on or before June first of each year. For purposes of this section, the term 'teacher' shall include each professional employee of a board of education, below the rank of superintendent, who holds a certificate or permit issued by the State Board of Education."

[7] General Statutes § 10-151 (f) provides: "Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (d) of this section may appeal therefrom, within thirty days of such decision, to the superior court. Such appeal shall be made returnable to said court in the same manner as is prescribed for civil actions brought to said court. Any such appeal shall be a privileged case to be heard by the court as soon after the return day as is practicable. The board of education shall file with the court a copy of the complete transcript of the proceedings of the hearing

Following the trial court's dismissal of counts one and three of the amended complaint, the plaintiff again amended her complaint to delete the dismissed counts and to renumber the remaining counts. Count two of the first amended complaint became count one of the second amended complaint and count four of the first amended complaint became count two of the second amended complaint.

The defendants moved for summary judgment as to both counts of the second amended complaint. The trial court granted the motion. As to count one of the second amended complaint, the court found that the board was entitled to judgment as a matter of law because the plaintiff was a nontenured teacher, and that, consequently, her claim that her constitutional rights as a tenured teacher were violated must fail. As to count two of the second amended complaint, the court found that the defendants were entitled to judgment as a matter of law because that count failed to state a cause of action. The court found that because the plaintiff was a nontenured teacher whose contract could be nonrenewed without cause, any negligence on the part of her evaluators would not have diminished the discretionary nature of the board's right not to renew her contract.

I

The plaintiff claims that the trial court's decision to dismiss counts one and three of her first amended com-

held by the board of education or by an impartial hearing panel for such teacher, together with such other documents, or certified copies thereof, as shall constitute the record of the case. The court, upon such appeal, shall review the proceedings of such hearing and shall allow any party to such appeal to introduce evidence in addition to the contents of such transcript, if it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. The court, upon such appeal and after a hearing thereon, may affirm or reverse the decision appealed from. Costs shall not be allowed against the board of education unless it appears to the court that it acted with gross negligence or in bad faith or with malice in making the decision appealed from."

plaint for lack of subject matter jurisdiction was improper.[8] The plaintiff asserts that the court improperly based its ruling on the plaintiff's failure to file those counts in a timely manner pursuant to § 10-151 (f). We do not agree.

"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . ." (Citations omitted; internal quotation marks omitted.) *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996).

In order to determine whether the trial court had subject matter jurisdiction over counts one and three of the plaintiff's first amended complaint, we must first set out certain statutory provisions relevant to this case. Those provisions are as follows.

Pursuant to General Statutes § 10-151 (c),[9] the contract of a teacher who has not attained tenure may

---

[8] The trial court's decision not to dismiss counts two and four of the plaintiff's first amended complaint is not before us on appeal, and thus, we will address only the court's decision to grant summary judgment as to those counts. See part II of this opinion.

[9] General Statutes § 10-151 (c) provides: "The contract of employment of a teacher who has not attained tenure may be terminated at any time for any of the reasons enumerated in subdivisions (1) to (6), inclusive, of subsection (d) of this section; otherwise the contract of such teacher shall be continued into the next school year unless such teacher receives written notice by April first in one school year that such contract will not be renewed for the following year. Upon the teacher's written request, such notice shall be supplemented within seven days after receipt of the request by a statement of the reason or reasons for such nonrenewal. Such teacher, upon written request filed with the board of education within twenty days after the receipt of notice of termination or nonrenewal, shall be entitled to a hearing either

be terminated at any time if any one of six specific conditions is established. Otherwise, the contract of the nontenured teacher shall be continued into the next school year unless that teacher receives written notice by April 1 that the contract will not be renewed for the following school year. General Statutes § 10-151 (c). A nontenured teacher whose contract is to be terminated or nonrenewed is entitled to a hearing before the board of education. General Statutes § 10-151 (c). Where a nontenured teacher's contract is terminated, the teacher, under certain limited circumstances, may appeal to the trial court from the board's decision pursuant to the appeal provisions of § 10-151 (f).[10] General Statutes § 10-151 (c). Where a nontenured teacher's contract is nonrenewed there is no right of appeal. General Statutes § 10-151 (c).

Pursuant to General Statutes § 10-151 (d),[11] the contract of a teacher who has attained tenure shall be

before the board or, if indicated in such request and if designated by the board, before an impartial hearing panel established and conducted in accordance with the provisions of subsection (d) of this section, such hearing shall commence within fifteen days after receipt of such request unless the parties mutually agree to an extension. A board of education may designate a subcommittee of three or more board members to conduct hearings and submit written findings and recommendations to the board for final disposition in the case of teachers whose contracts are terminated for the reasons stated in subdivision (5) of subsection (d) of this section. The teacher shall have the right to appear with counsel of the teacher's choice at the hearing. A teacher who has not attained tenure and whose contract is terminated for any of the reasons enumerated in subdivisions (1) to (4), inclusive, of subsection (d) of this section shall have the right to appeal in accordance with the provisions of subsection (f) of this section. No right of appeal shall exist if (A) a teacher who has not attained tenure has received nonrenewal notice prior to April first of a school year or (B) such teacher's contract is terminated for the reasons enumerated in subdivisions (5) and (6) of subsection (d) of this section."

[10] General Statutes § 10-151 (f) provides in pertinent part: "Any teacher aggrieved by the decision of a board of education after a hearing . . . may appeal therefrom, within thirty days of such decision, to the superior court. . . ."

[11] General Statutes § 10-151 (d) provides: "The contract of employment of a teacher who has attained tenure shall be continued from school year

continued from school year to school year. The contract may be terminated at any time, however, if at least one of six specific conditions is established. General Statutes § 10-151 (d). If the contract is terminated, the teacher is entitled to a hearing before the board of

to school year, except that it may be terminated at any time for one or more of the following reasons: (1) Inefficiency or incompetence; (2) insubordination against reasonable rules of the board of education; (3) moral misconduct; (4) disability, as shown by competent medical evidence; (5) elimination of the position to which the teacher was appointed or loss of a position to another teacher, if no other position exists to which such teacher may be appointed if qualified, provided such teacher, if qualified, shall be appointed to a position held by a teacher who has not attained tenure, and provided further that determination of the individual contract or contracts of employment to be terminated shall be made in accordance with either (A) a provision for a layoff procedure agreed upon by the board of education and the exclusive employees' representative organization or (B) in the absence of such agreement, a written policy of the board of education; or (6) other due and sufficient cause. Nothing in this section or in any other section of the general statutes or of any special act shall preclude a board of education from making an agreement with an exclusive bargaining representative which contains a recall provision. Prior to terminating a contract, a board of education shall vote to give the teacher concerned a written notice that termination of such teacher's contract is under consideration and, upon written request filed by such teacher with such board within seven days after receipt of such notice, shall within the next succeeding seven days give such teacher a statement in writing of the reasons therefor. Within twenty days after receipt of written notice by the board of education that contract termination is under consideration, such teacher may file with such board a written request for a hearing. A board of education may designate a subcommittee of three or more board members to conduct hearings and submit written findings and recommendations to the board for final disposition in the case of teachers whose contracts are terminated for the reasons stated in subdivision (5) of this subsection. Such hearing shall commence within fifteen days after receipt of such request, unless the parties mutually agree to an extension, (A) before the board of education or a subcommittee of the board, (B) if indicated in such request or if designated by the board before an impartial hearing panel or, (C) if the parties mutually agree, before a single impartial hearing officer chosen by both parties. If the parties are unable to agree upon the choice of a hearing officer within five days after their decision to use a hearing officer, the hearing shall be held before the board or panel, as the case may be. The impartial hearing panel shall consist of three members appointed as follows: The board of education shall appoint one panel member, the teacher shall appoint one panel member, and those two panel members shall choose a third, who shall serve as chairperson.

education. General Statutes § 10-151 (d). A tenured teacher may appeal to the trial court from the board's decision after the hearing pursuant to the appeal provisions of § 10-151 (f).[12]

We next examine the plaintiff's allegations in counts one and three of her first amended complaint in light of the provisions of § 10-151. "[W]e emphasize that the construction of a pleading is a question ultimately for the court. . . . When a case requires this court to determine the nature of a pleading filed by a party, we are not required to accept the label affixed to that pleading by the party. In this vein, we analyze the pleadings at issue in the present case." (Citations omitted; internal quotation marks omitted.) *Javit* v. *Marshall's, Inc.*, 40 Conn. App. 261, 266, 670 A.2d 886, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996).

A summary of the plaintiff's allegations in counts one and three of her first amended complaint are as follows.

Within ninety days after receipt of the request for a hearing, the impartial hearing panel, subcommittee of the board or hearing officer, unless the parties mutually agree to an extension, shall submit written findings and a recommendation to the board of education as to the disposition of the charges against the teacher, and shall send a copy of such findings and recommendation to the teacher. The board of education shall give the teacher concerned its written decision within fifteen days of receipt of the written recommendation of the impartial hearing panel, subcommittee or hearing officer. Each party shall pay the fee of the panel member selected by it and shall share equally the fee of the third panel member or hearing officer and all other costs incidental to the hearing. If the hearing is before the board of education, the board shall render its decision within fifteen days after the close of such hearing, and shall send a copy of its decision to the teacher. The hearing shall be public if the teacher so requests or the board, panel or subcommittee so designates. The teacher concerned shall have the right to appear with counsel at the hearing, whether public or private. A copy of a transcript of the proceedings of the hearing shall be furnished by the board of education, upon written request by the teacher within fifteen days after the board's decision, provided the teacher shall assume the cost of any such copy. Nothing herein contained shall deprive a board of education of the power to suspend a teacher from duty immediately when serious misconduct is charged without prejudice to the rights of the teacher as otherwise provided in this section."

[12] See footnote 10.

The plaintiff alleges in count one that at the time the board failed to renew her contract, she was a tenured teacher with a right to have her contract continued from school year to school year pursuant to § 10-151 (d). The plaintiff alleges, however, that the board nonrenewed her contract as if she were a nontenured teacher, and that, therefore, such nonrenewal was improper. The plaintiff alleges that the board "has denied or threatens to deny the plaintiff her right to continued employment in Regional School District No. 18, *thereby jeopardizing her employment, livelihood and tenure.*" (Emphasis added.) In count three, the plaintiff specifically attacks the board's conduct in not renewing her contract and alleges that the board's nonrenewal was improper in a number of respects. The plaintiff also alleges, in a manner similar to that in count one, that, as a result of the nonrenewal of her contract, the board "has denied or threatens to deny the plaintiff her right to continued employment in Regional School District No. 18, *thereby jeopardizing her tenure, in violation of Section 10-151 (d) of the Connecticut General Statutes.*" (Emphasis added.) Thus, it is clear that the plaintiff alleges in counts one and three that her right to continued employment as a tenured teacher pursuant to § 10-151 (d) has been violated.

We conclude from our review of the pleadings that the allegations of counts one and three of the plaintiff's first amended complaint fall squarely within the class of cases that constitute an appeal from the wrongful termination of a tenured teacher's contract. The trial court had jurisdiction to hear such an appeal pursuant to § 10-151 (f). Before the court could entertain the appeal, it had to determine whether the appeal had been timely filed. "[A]ny teacher aggrieved by the decision of a board of education after a hearing . . . may appeal therefrom, within thirty days of such decision, to the superior court. . . ." General Statutes § 10-151 (f).

Here, the plaintiff concedes that her complaint was not filed within thirty days following the decision of the board. "Where a right to judicial review is created by statute, the failure to satisfy the conditions required by the statute deprives the Superior Court of jurisdiction to entertain the appeal." *Mazur* v. *Blum*, 184 Conn. 116, 119, 441 A.2d 65 (1981). Thus, the trial court would have been authorized to hear counts one and three if those counts had been timely filed. The court properly dismissed those counts, however, on the ground that they were not filed within the period set by statute.

The plaintiff argues in her brief that counts one and three should not have been dismissed under § 10-151 (f) because those counts represented an independent action as opposed to an appeal from the decision of the board. We are unpersuaded.

"[A]ccess to the courts under the Teacher Tenure Act is possible only on appeal of a decision of the board of education." *Kolenberg* v. *Board of Education*, 206 Conn. 113, 121, 536 A.2d 577, cert. denied, 487 U.S. 1236, 108 S. Ct. 2903, 101 L. Ed. 2d 935 (1988). Our Supreme Court, however, has permitted the filing of separate actions against boards of education for breach of contract under limited circumstances. See *Cahill* v. *Board of Education*, 187 Conn. 94, 103, 444 A.2d 907 (1982) (*Cahill I*); *Petrovich* v. *Board of Education*, 189 Conn. 585, 589, 457 A.2d 315 (1983). It is important to note, however, that *Cahill I* and *Petrovich* "do not permit a litigant to invoke common law contract remedies in complete disregard of available administrative relief." *LaCroix* v. *Board of Education*, 199 Conn. 70, 77, 505 A.2d 1233 (1986).

The plaintiff does not claim that counts one and three of her first amended complaint sound in breach of contract. Moreover, we will not supply those essential allegations " 'by conjecture or remote implication.' " *Cahill*

v. *Board of Education*, 198 Conn. 229, 236, 502 A.2d
410 (1985) (*Cahill II*). As we have already stated, the
plaintiff alleges in counts one and three that the board
violated her right to continued employment as a tenured
teacher provided by § 10-151 (d). The plaintiff was
therefore entitled to appeal the board's decision under
§ 10-151 (f). *LaCroix* v. *Board of Education*, supra, 199
Conn. 78. The plaintiff now argues that the determina-
tion of the trial court's subject matter jurisdiction over
this allegation is not governed by that section. We find
this argument to be an attempt to mischaracterize
counts one and three in an effort to avoid the require-
ments of § 10-151 (f).

"[W]here a statutory right of appeal from an adminis-
trative decision exists, an aggrieved party may not
bypass the statutory procedure and instead bring an
independent action to test the very issue which the
appeal was designed to test. . . . In this case, the plain-
tiff's challenge of the allegedly wrongful termination of
[her] contract seeks to address the very issue which
the appeal mechanism authorized by § 10-151 (f) was
designed to test." (Citations omitted; internal quotation
marks omitted.) *LaCroix* v. *Board of Education*, supra,
199 Conn. 78–79. Were we to hold that the plaintiff was
permitted to bring a separate action to challenge the
allegedly wrongful conduct of the board, we would not
be "tak[ing] sufficient account of this general rule of
exhaustion of remedies."[13] Id., 79. The trial court's dis-

---

[13] "Like any other general rule, the rule of exhaustion of administrative
remedies is subject to some exceptions, although we have recognized such
exceptions only infrequently and only for narrowly defined purposes."
*LaCroix* v. *Board of Education*, supra, 199 Conn. 79. The plaintiff does not
concede that she has failed to exhaust her administrative remedies as to
counts one and three of her amended complaint because her position is
that those remedies do not apply to those counts. Thus, she points us to
no recognized exception to the exhaustion doctrine that could be used to
save those counts from dismissal. Moreover, we are unable to find such an
exception that would apply to those counts.

missal of counts one and three pursuant to § 10-151 (f) was, therefore, proper.

## II

We next address the plaintiff's claim that the trial court improperly granted summary judgment as to the remaining counts of her complaint. The counts at issue are counts two and four of the plaintiff's first amended complaint, redesignated as counts one and two of her second amended complaint.[14] At the outset, we repeat our well settled standard of review. "The standard for appellate review of a trial court's decision to grant a summary judgment motion is well established. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citations omitted; internal quotation marks omitted.) *Bank of Boston* v. *Scott Real Estate, Inc.,* 40 Conn. App. 616, 619–20, 673 A.2d 558 (1996).

## A

We first address the plaintiff's claim that the trial court improperly granted summary judgment as to

---

[11] We hereinafter refer to the remaining counts as they are numbered in the second amended complaint.

count one of her second amended complaint. That count alleges that the plaintiff, as a tenured teacher at the time of the nonrenewal of her contract in March, 1992, had acquired property and liberty interests under the state and federal constitutions, and that the board, in not renewing her contract as if she were a nontenured teacher and in improperly evaluating her, had deprived her of these interests without due process of law.

The cornerstone of this count is that the plaintiff was a tenured teacher at the time of the nonrenewal of her contract. If the plaintiff was not a tenured teacher, the allegations of this count fail. The trial court determined that, as a matter of law, the plaintiff was not a tenured teacher at the time of nonrenewal and granted the defendants' motion for summary judgment as to the first count. On appeal, the plaintiff asserts that the trial court's determination that she was a nontenured teacher was improper. "The dispute between the parties here does not arise out of contested versions of the facts, but out of the legal significance of the facts as they relate to relevant statutory definitions." *Pinheiro* v. *Board of Education*, 30 Conn. App. 263, 268, 620 A.2d 159 (1993). Thus, the question before us is whether the defendant was " 'entitled to judgment as a matter of law.' " *Zichichi* v. *Middlesex Memorial Hospital*, 204 Conn. 399, 402, 528 A.2d 805 (1987).

In deciding whether the defendant was entitled to judgment as a matter of law as to this count, we must determine whether the trial court was correct when it found that, pursuant to General Statutes § 10-151 (a) (6) (C), the plaintiff was not a tenured teacher at the time of the nonrenewal of her contract in March, 1992.

We begin with the pertinent text of § 10-151 (a) (6) (C), which provides: "[A]ny teacher who has attained tenure with any one board of education and whose employment with such board ends for any reason and

who is reemployed by such board or is subsequently employed by any other board, shall attain tenure after completion of sixteen school months of continuous employment. The provisions of this subparagraph shall not apply if, (i) prior to completion of the sixteenth school month following commencement of employment by such board, such teacher has been notified in writing that his or her contract will not be renewed for the following school year or (ii) for a period of five or more calendar years immediately prior to such subsequent employment, such teacher has not been employed by any board of education."

Here, the plaintiff's employment with the board as a tenured teacher ended and she was subsequently reemployed by the board. By virtue of her completing more than sixteen school months of continuous employment under her first two successive one year contracts, she was entitled to become a tenured teacher again, subject to the provisions of subdivisions (i) and (ii) of § 10-151 (a) (6) (C). The plaintiff did not receive a nonrenewal notice within the first sixteen months of her reemployment pursuant to § 10-151 (a) (6) (C) (i). She therefore did not fail to regain her tenure under that provision. We must determine, however, whether the plaintiff failed to regain her tenure under § 10-151 (a) (6) (C) (ii) by not being reemployed within five calendar years following her original employment as a tenured teacher.

According to the undisputed facts set out in the trial court's memoranda, the plaintiff, a tenured teacher in December, 1982, took a leave of absence through the 1983-84 school year. The school year consists of only school months and does not include the months of July or August. See General Statutes § 10-151 (a) (7).[15] Thus,

---

[15] General Statutes § 10-151 (a) (7) provides: "The term 'school month' means any calendar month other than July or August in which a teacher is employed as a teacher at least one-half of the student school days."

at the latest, the last day of the plaintiff's leave of absence was to be June 30, 1984, and she would not have been employed by the board during the months of July or August, 1984. The trial court also found that the plaintiff notified the board by letter dated June 18, 1984, that she would not return to teaching and that the board formally accepted the plaintiff's resignation by letter dated June 21, 1984. Thus, at the earliest, the plaintiff was no longer employed by the board as of June 21, 1984, the date of the acceptance of her resignation, and, at the latest, she was no longer employed by the board as of the close of business on June 30, 1984, the last day of her leave of absence.

In order to determine whether the plaintiff was reemployed by the board within five calendar years of the last day of her original employment as a tenured teacher, we must construe the term "calendar year" as that term appears in § 10-151. "In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature. *United Illuminating Co.* v. *Groppo*, 220 Conn. 749, 755, 601 A.2d 1005 (1992). It is a well established rule of statutory construction that when the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. *American Universal Ins. Co.* v. *DelGreco*, 205 Conn 178, 193, 530 A.2d 171 (1987). . . . Courts should not read into clearly expressed legislation provisions which do not find expression in its words. *Local 218 Steamfitters Welfare Fund* v. *Cobra Pipe Supply & Coil Co.*, 207 Conn. 639, 645, 541 A.2d 869 (1988)." (Internal quotation marks omitted.) *Berry* v. *Loiseau*, 223 Conn. 786, 830–31, 614 A.2d 414 (1992). "We will not torture the words or sentence structure of a statute [or rule] to import an ambiguity where the ordinary meaning of the language leaves no room for it." (Internal quotation

marks omitted.) *Infante* v. *Porath*, 29 Conn. App. 465, 468, 615 A.2d 1073 (1992).

General Statutes § 1-1 (i) provides that unless otherwise specified, "the word 'year' [shall mean] a calendar year . . . ." General Statutes § 10-144o (9), which is applicable only to General Statutes §§ 10-145 to 10-158a, inclusive, provides that " '[o]ne year' means one school year." The school year does not include July and August; see General Statutes § 10-151 (a) (7); and is thus a specialized ten month year always beginning in September and ending in June. It naturally follows that the term "calendar years," as opposed to the specialized term "school years," has been used in § 10-151 (a) (6) (C) (ii) to make sure that ordinary years consisting of twelve month periods of time are utilized in making the necessary calculations under that section. Moreover, just as "[a specific number] of calendar months refers to a period of time and not to specific months as named in the calendar"; *Krajniak* v. *Wilson*, 157 Conn. 126, 130, 249 A.2d 249 (1968); a specific number of calendar years refers to a period of time and not to specific years. "In determining the meaning of a statute, the statute must be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation." (Internal quotation marks omitted.) *Broadley* v. *Board of Education*, 229 Conn. 1, 6, 639 A.2d 502 (1994). Thus, the term "five calendar years" used in § 10-151 (a) (6) (C) (ii) is not ambiguous, and means five periods of twelve months.

The plaintiff was not rehired by the board until August 30, 1989, more than five years from June 30, 1984, and, therefore, she failed to regain her previous tenured status, pursuant to § 10-151 (a) (6) (C) (ii). Thus, the trial court properly determined that the plaintiff, as a matter of law, was not a tenured teacher at the time of the nonrenewal of her contract. Having made this correct determination, the trial court properly granted summary judgment as to count one of the plaintiff's second

amended complaint, which is based on the allegation that the plaintiff was a tenured teacher whose constitutional rights as such had been violated.

B

Finally, we address the plaintiff's claim that the trial court improperly granted summary judgment as to count two of her second amended complaint. The plaintiff alleges in that count that the individual defendants, as agents, officers or employees of the board, negligently evaluated the plaintiff in violation of § 10-151b.[16] The trial court, in response to the defendants' argument in their motion for summary judgment, found that the defendants were entitled to judgment as a matter of law as to this count because it failed to state a cause of action.[17] The court found that because the plaintiff was a nontenured teacher whose contract could be nonrenewed without cause, any negligence on the part of her evaluators would not have diminished the discretionary nature of the board's right not to renew her contract.

We must determine whether the trial court was correct in finding that the second count of the plaintiff's second amended complaint failed to state a cause of action. The question before us again is whether the defendant was "entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Zichichi* v. *Middlesex Memorial Hospital,* supra, 204 Conn. 402.

Our Supreme Court interpreted the "meaning and scope of § 10-151b" in *Board of Education* v. *Board of Labor Relations,* 201 Conn. 685, 690, 519 A.2d 41 (1986), although the court did not address the issue of whether a cause of action for negligent evaluation exists under that section. "Section 10-151b is part of what is commonly referred to as the Teacher Evaluation Act. As

---

[16] See footnote 6.

[17] The defendants' motion for summary judgment was a proper way to test the legal sufficiency of this count of the second amended complaint. See *Boucher Agency, Inc.* v. *Zimmer,* 160 Conn. 404, 409, 279 A.2d 540 (1971).

first enacted in 1973, it provided, in subsection (c), that teacher evaluations 'shall be based upon minimum performance criteria established by the state board of education and such additional performance criteria as the local or regional board of education may, by negotiation, establish.' . . . . Public Acts 1973, No. 73-456, § 1. A year later the statute was amended to its present form. Public Acts 1974, No. 74-278, § 1. It continues to provide for locally adopted supplements to state prescribed baseline criteria for teacher evaluations, but it defines the process for arriving at such supplemental criteria differently. As reenacted, § 10-151b now states, in subsection (a), that there shall be continuous teacher evaluations 'in accordance with guidelines established by the state board of education for the development of evaluation programs and such other guidelines as may be established by mutual agreement between the local or regional board of education and the teachers' representative chosen pursuant to section 10-153b. . . .' " Id., 690–91.

Our legislature has not created a cause of action for negligent evaluation under § 10-151b, and neither this court nor our Supreme Court has recognized such a cause of action. We have already discussed the statutory and common law protections available to the plaintiff and we can find no persuasive authority that convinces us that we should add to such protections by recognizing a new cause of action for negligent evaluation under § 10-151b. Thus, the trial court properly granted summary judgment as to count two of the plaintiff's second amended complaint on the ground that that count failed to state a cause of action.[18]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[18] We note that our reasoning as to why the plaintiff failed to state a cause of action in the second count of her second amended complaint is diffcrent from the reasoning advanced by the trial court. See *Kelley* v. *Bonney,* 221 Conn. 549, 592, 606 A.2d 693 (1992).