[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's revised, ten count complaint alleges: (1) wrongful discharge in violation of public policy; (2) malicious breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) defamation per se; (5) defamation with reckless disregard; (6) negligent infliction of emotional distress; (7) intentional infliction of emotional distress; (8) civil conspiracy; (9) negligence; and, (10) a "CUTPA" violation. CT Page 3572
The defendants filed a motion to dismiss the complaint on the grounds of lack of subject matter jurisdiction. All parties to this action stipulated that, for purposes of deciding this motion, the allegations of the complaint constitute the factual basis (i.e. are to be considered as true).
The defendant hired the plaintiff as a special education teacher in its Multiple Handicapped Unit ("MH Unit") on October 20, 1987. The plaintiff worked continuously in that capacity through June, 1992 and was tenured. On or about June 30, 1992, the plaintiff was transferred involuntarily from the MH Unit to the Severe Communication and Behavior Disorder Program ("SCBD Unit"). On or about May 27, 1993, the plaintiff received a letter from the defendants notifying her that termination of her employment was being considered.
In response to that notice, on June 22, 1993 the plaintiff requested that the defendants state the reasons for her proposed termination. On June 26, 1993 the plaintiff received a letter setting forth the reasons for the proposed termination of employment. On June 30, 1993, the plaintiff requested a formal public hearing pursuant to the provisions of Section 10-151d of the General Statutes. However, on July 23, 1993, the defendants issued a written revocation of the termination. The plaintiff commenced the present action on May 22, 1995.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." Practice Book, § 143; Plasil v. Tableman, 223 Conn. 68, 70 n. 4 (1992). "[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. [The motion] essentially asserts that, as a matter of law and fact the plaintiff cannot state a cause of action that is properly before the court." Third Taxing Districtv. Lyons, 35 Conn. App. 795, 803 (1994). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider allegations of the complaint in their most favorable light." Lemoine v. McCann, 40 Conn. App. 460,464 (1996), quoting Reynolds v. Saffer, 183 Conn. 67, 68
(1981).
The defendants claim that since the plaintiff failed to follow the administrative remedy set forth in § 10-151 of the General Statutes, the court has no subject matter jurisdiction. Section 10-151(d) requires that, prior to terminating a tenured teacher, a board of education must give that teacher a written CT Page 3573 notice that termination of the teacher's contract is under consideration. General Statutes, § 10-151(d)(6). If, within seven days of receiving notice, the teacher files a written request, the board must give the teacher a statement in writing of its reasons. Id. Within twenty days after receiving notice of a pending termination, the teacher may file a written request for a hearing, which shall be held within fifteen days after the board receives the request. Id.
The instant case is not an appeal from an administrative decision and the statutory provisions cited are inapplicable. The plaintiff seeks money damages for the claims of injury stated in counts one through ten. Whether her claim of "wrongful termination" is true must be determined by the trier of fact. The defendants' revocation of the plaintiff's termination extinguished any basis for their contention that the plaintiff must first exhaust her administrative remedies pursuant to the statutory scheme. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Lacroix v. Board of Education,199 Conn. 70, 83-84 (1986).
"Where a right to judicial review is created by statute, the failure to satisfy the conditions required by the statute deprives the Superior Court of jurisdiction to entertain the appeal." Drahan v. Board of Education, 42 Conn. App. 480, 491
(1996), citing Mazur v. Blum, 184 Conn. 116, 119 (1981). Since the plaintiff's action is independent of and falls outside the statutory scheme, the motion to dismiss is denied.
BY THE COURT
Leander C. Gray, Judge