[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, who had been employed by the Defendant as a tenured teacher, brings this appeal pursuant to General Statutes § 10-151 (f) challenging the decision terminating his employment.
The Plaintiff had been employed as a tenured teacher for approximately twenty years. On February 17, 1994 the Board voted to place under consideration the termination of Plaintiff's contract of employment (see General Statutes § 10-151) and suspend such employment with pay pending further proceedings. The Plaintiff, by letter of February 22, 1994, requested a statement of the reasons for the Board's vote to consider termination of his contract. The Superintendent of Schools for the Board in a detailed five page letter set forth the statutory grounds and factual basis for the decision. Plaintiff, by letter of March 9, 1994, requested a hearing before an impartial hearing panel.[1]
The impartial hearing panel heard the case on June 1, 2, 10, 22, 24, 28, and 29, 1994 on which occasions the parties appeared and presented testimony and evidence. The parties filed post-hearing briefs. The panel issued a twenty-eight page decision on October 13, 1994 making findings of facts and a recommendation of termination. (The Plaintiff's appointee dissented from the decision; which was issued by the other two panel members.)
The impartial hearing panel's decision found that the administration of the Defendant school system had proven the statutory grounds of inefficiency and incompetence as well as other due and sufficient cause. The panel found that the insubordination ground for termination had not been proven.
The Board voted on October 24, 1994 to terminate the Plaintiff's contract of employment effective immediately. The reasons for the decision were incompetence and inefficiency; and other due and sufficient cause within the meaning of General Statutes § 10-151(d). The decision was based on the impartial hearing panel's report of October 13, 1994.
The Plaintiff appeals from the Board's termination decision of October 24, 1994 which was communicated by letter of October 25, 1994 and received by Plaintiff on October 26, 1994.
The Plaintiff brings this action pro se. The appeal was filed on November 29, 1994. CT Page 3142
General Statutes § 10-151 (f) provides that the appeal is to be filed within thirty days of the Board of Education decision. The decision was made on October 24, communicated on October 25, and received on October 26, 1994. Even taking the date of Plaintiff's receipt, October 26, 1994, the appeal is untimely. The most generous calculation of the thirty day period would have it expire on November 25, 1994 (November 24, 1994 being a holiday).
Our Supreme Court has recently held in reviewing a teacher termination case under General Statutes § 10-151: "Judicial review of the school board's administrative decision follows established principles of administrative law." Sekor v. Board ofEducation, 240 Conn. 119, 126 (1997).
The court must fully resolve any jurisdictional question before considering the merits of the appeal. Castro v. Viera,207 Conn. 420, 429 (1988). The failure to file an appeal within the statutory time period deprives the court of subject matter jurisdiction. Rogers v. CHRO, 195 Conn. 543, 550 (1985);Glastonbury Volunteer Ambulance Association, Inc. v. FOIC,227 Conn. 848, 854 (1993).
The Appellate Court has specifically held that the Superior Court has no jurisdiction to entertain an untimely Teacher Tenure Act appeal under General Statutes § 10-151 (f). Drahan v.Board of Education, 42 Conn. App. 480, 490 (1996). Plaintiff's hand written complaint references Connecticut and Federal civil rights claims, but his briefs are limited to evidentiary disputes for which any relief must be pursued under General Statutes §10-151 (f). Kolenberg v. Board of Education, 206 Conn. 113, 121
(1988). Issues in an appeal not briefed are viewed as abandoned.Collins v. Goldberg, 28 Conn. App. 733, 738 (1992).
The appeal is untimely. The court has no subject matter jurisdiction. The appeal is dismissed.
Robert F. McWeeny, J.