[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
Defendant Thomas Edward Agency, Inc. moves for summary judgment on the grounds (1) the plaintiff is not a party to the insurance contract that is the basis for plaintiff's breach of contract claim and (2) the plaintiff has failed to allege an assignment of the claim from the policy holder to the plaintiff. For the reason stated below, the motion is denied.
The plaintiff alleges he sold a car to Victoria Cook. He notified the insurance company, through the Thomas Edward Agency, Inc., that he was a lien holder and should be listed on a policy issued to Victoria Cook. The car was stolen and damaged. In the first count of the complaint, the plaintiff alleges that The Hanover Insurance Company is liable to him on the theory he is a third-party beneficiary of an insurance policy issued to Victoria Cook. In the second count, the plaintiff claims the Thomas Edward Agency, Inc. is liable to him on the theory the agency negligently breached a duty it owed him and on the theory the agency breached a contract.
The parties dispute whether a motion for summary judgment is the proper way to contest the legal sufficiency of a complaint. Both sides cite authority for their conflicting positions on this issue. See Burke v. Avitabile, 32 Conn. App. 765,772 (1993) ("The office of a motion for summary judgment is CT Page 4231 not to test the legal sufficiency of the complaint, but to test for the presence of contested factual issues. Connecticut Practice Book § 384."); contra, Drahan v. Board of Education,42 Conn. App. 480, 498, fn. 17 (1996) ("The defendants' motion for summary judgment was a proper way to test the legal sufficiency of this count of the second amended complaint. . . .") The motion for summary judgment is being used by the defendant insurance agency in lieu of a motion to strike, which § 152 of the Practice Book provides is to be used "[w]henever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted. . . ." Clearly, the plaintiff is placed at a disadvantage when a motion for summary judgment, rather than a motion to strike, is used to contest the legal sufficiency of the complaint. Should the plaintiff loose the motion, he cannot file a substitute pleading within fifteen days, as he may do if the issues are decided against him on a motion to strike. See Practice Book § 157. In view of the court's decision on the merits of the motion, it is not necessary to resolve the procedural issue.
The plaintiff contends that he has properly alleged a cause of action in negligence against the Thomas Edward Agency, Inc. Allegations of negligence appear in paragraphs 23 through 25 of the second count. This issue is not addressed by the defendant agency. Since the sufficiency or factual basis of this claim is not addressed by the defendant agency, the motion for summary judgment is denied.
The court has carefully considered the arguments set forth in the legal briefs and concludes the motion for summary judgment must be denied.
THIM, J.