[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#137)
Presently before the court is defendants' (i.e., Town of East Haven, Henry Luzzi, James Criscuolo and Bruce Scobie) motion for summary judgment.
On October 23, 1997, the plaintiff, Edgar Moss, filed a five-count complaint against the defendants, the town of East Haven, Henry Luzzi, Mayor of East Haven, James Criscuolo, chief of the East Haven police department, Bruce Scobie, an East Haven police officer and Frank Roberts, a police officer with the city of New Haven. Plaintiff filed a revised amended complaint on July 27, 1998,[1] in which he alleges the following facts. At all relevant times, plaintiff resided at 269 Alden Avenue in New Haven, Connecticut. Prior to July 16, 1997, Luzzi, as mayor of East Haven, issued a public statement opposing a march from New Haven to East Haven to protest the death of a New Haven man, who was shot by an East Haven police officer. The plaintiff sent a letter to the editor of the New Haven Register, which was published, and sent a copy of the letter via facsimile to Luzzi. On July 16, 1997, Luzzi ordered Criscuolo to investigate the plaintiffs reasons for sending the letter. Subsequently, officers Scobie and Roberts went to Moss' home and questioned him about the letter. CT Page 10751
In the operative complaint, plaintiff makes several claims against Luzzi, Criscuolo and Scobie, many of which were abandoned at the hearing on the defendants' motion for summary judgment.[2] Plaintiff alleges that Luzzi's, Criscuolo's and Scobie's actions constitute intentional infliction of emotional distress in counts seventeen, eighteen and nineteen, respectively. Plaintiff further alleges that Luzzi, Criscuolo and Scobie negligently and carelessly caused him severe emotional distress in counts twenty-one, twenty-two and twenty-three, respectively.
On March 30, 2001, East Haven, Luzzi, Criscuolo and Scobie filed their motion for summary judgment.[3] On June 7, 2001, plaintiff filed a memorandum in opposition to the defendants' motion.[4] On June 8, 2001, Luzzi, Criscuolo and Scobie filed a reply to plaintiffs memorandum in opposition to the defendants' motion.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209.
In moving for summary judgment on plaintiffs allegations of intentional infliction of emotional distress, Luzzi, Criscuolo and Scobie argue that the conduct alleged by plaintiff is not conduct that exceeds the bounds of human decency, nor was the conduct calculated to cause severe emotional distress. "In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Whether a defendant's conduct is sufficient to satisfy the requirements that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." Appleton v. Board of Education, supra, CT Page 10752254 Conn. 210.
As to plaintiffs claims against Luzzi and Criscuolo, in counts seventeen and eighteen, plaintiff incorporates by reference paragraphs one through seven of count one of the complaint and paragraphs one through five of count two. In those paragraphs, plaintiff alleges that, on July 16, 1997, "the said East Haven police officer, with his hand on his exposed service revolver," subjected the plaintiff "to harsh, hostile and threatening questions about his motives, reasons and purposes" for publishing the letter and mailing a copy to Luzzi, and that "as a result of such questioning, [Moss] was unable to leave the presence of the said officer." (Complaint, Count One, ¶¶ 6-7, incorporated by reference into count eighteen; Count Two, ¶¶ 4-5, incorporated by reference into count eighteen.) Plaintiff further alleges that, by ordering the investigation of plaintiff, Luzzi and Criscuolo intended to cause plaintiff severe emotional distress.
There is a genuine issue of material fact because reasonable minds could disagree as to whether Luzzi's and Criscuolo's alleged conduct was extreme and outrageous.
Luzzi, Criscuolo and Scobie move for summary judgment on plaintiffs claim for negligent infliction of emotional distress, stating that plaintiff fails to allege sufficient facts to support a cause of action for negligent infliction of emotional distress. A motion for summary judgment is a proper way to test the legal sufficiency of a count in a complaint. Drahan v. Board of Education, 42 Conn. App. 480, 498 n. 17, cert. denied, 239 Conn. 921, citing Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409.
"[I]n order to state . . . a claim [for negligent infliction of emotional distress], the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Parsons v. United TechnologiesCorp., 243 Conn. 66, 88. "[R]ecovery for unintentionally caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact." Montinieri and TelephoneCo. v. Southern New England Telephone Co., 175 Conn. 337, 345.
As to plaintiffs claims against Luzzi and Criscuolo, in counts twenty-one and twenty-two, plaintiff incorporates by reference paragraphs one through seven of count one of the complaint and paragraphs one through five of count two. Plaintiff makes no allegations in counts twenty-one and twenty-two that Luzzi and Criscuolo knew or should have realized that their conduct involved an unreasonable risk of causing CT Page 10753 emotional distress. Parsons v. United Technologies Corp., supra,243 Conn. 88.
There are no genuine issues as to the insufficiency of plaintiff's complaint to state a claim for negligent infliction of emotional distress and Luzzi and Criscuolo are entitled to judgment as a matter of law.
In count twenty-three of his complaint, plaintiff incorporates paragraphs one through five of count three. In those paragraphs, he alleges that Scobie, "with his hand on his exposed service revolver, did restrain and subject [Moss] to harsh, hostile and threatening questions about his motives" for sending the letter to Luzzi. (Complaint, Count Three, ¶ 4, incorporated by reference into count twenty-three.) Plaintiff further alleges that, "by investigating the plaintiffs motives, reasons and purposes for publication of his letter, the defendant Bruce Scobie negligently and carelessly caused the plaintiff severe emotional distress." (Complaint, Count Twenty-Three, ¶ 6.) Thus, although plaintiff fails to specifically allege that Scobie knew or should have realized that his conduct in interrogating plaintiff could cause severe emotional distress, there is a genuine issue of material fact as to whether Scobie engaged in behavior that "involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Parsons v. United Technologies Corp., supra, 243 Conn. 88.
Accordingly, defendants' motion for summary judgment as to count twenty-three, in which plaintiff alleges negligent infliction of emotional distress against Scobie is denied.
At the hearing on the motion, the plaintiff abandoned his claims against the defendants, Luzzi, Criscuolo and Scobie, except for his claims for intentional and negligent infliction of emotional distress against each defendant. Therefore, summary judgment is entered on counts one through three, five through seven, nine through eleven and thirteen through fifteen.
Defendants' motion is denied as to counts seventeen through nineteen, in which the plaintiff alleges intentional infliction of emotional distress against Luzzi, Criscuolo and Scobie. Defendant's motion is granted as to the plaintiffs claims of negligent infliction of emotional distress in counts twenty-one and twenty-two against Luzzi and Criscuolo, respectively. The motion is denied as to the claim for negligent infliction of emotional distress in count twenty-three against Scobie. Parsons v. United Technologies Corp., supra, 243 Conn. 88.
The aforementioned abandoned claims shall be excluded in any amended CT Page 10754 complaint.
 ____________________ FRACASSE, JUDGE