[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: (#122) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
On September 11, 2000, the plaintiff, Marianne Chiccarello, filed a one-count negligence complaint against the defendants, Kambiz Ghallilli, Kamran Ghallilli and Dr. Michael Ghallilli.
On November 15, 2000, the defendants filed an answer and special defenses to the complaint.
On December 21, 2000, the plaintiff filed an amended complaint making technical changes to the numbering of the paragraphs in the original complaint.
On September 6, 2001, the plaintiff filed a second amended complaint adding a second count.
In her amended complaint dated August 30, 2001, the plaintiff alleged, CT Page 7624 inter alia, that on July 15, 1997 the plaintiff entered into a residential lease with the defendants wherein it was provided that the plaintiff pay rent to the defendants and, in addition to the financial consideration, the plaintiff and her roommates became obligated to perform certain repairs and tasks, including replacing the then-existing roof and cleaning the gutters.
The plaintiff further alleged that on or about February 15, 1999, she was on the roof performing repairs and maintenance when she fell and was injured.
Count one of the complaint sounds in negligence. The plaintiff alleges her fall and injuries were due to the negligence of the defendants.
In count two, the plaintiff asserts a cause of action for violation of the Connecticut Unfair Trade Practices Act[1] (CUTPA), alleging that the defendants' violation of General Statutes § 47a-7[2] violates public policy and CUTPA.
On January 3, 2002, the defendants filed a motion for summary judgment and a supporting memorandum as to both counts of the plaintiff's complaint.
On February 11, 2002, the plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewedin the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Id., 752.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to CT Page 7625 determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
COUNT ONE: (NEGLIGENCE)
As to count one, the defendants argue that there is no genuine issue of material fact that they are entitled to judgment as a matter of law. To support their motion, the defendants submit two items of evidence: a copy of the lease agreement between the plaintiff and the defendants dated July 15, 1997, and a certified copy of part of a deposition of the plaintiff. Although they have filed a motion for summary judgment, the defendants first argue that "there are no allegations as to any specific defective conditions, which caused . . . [the plaintiffs] injury." (Defendants' Memorandum, p. 4.) "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial."Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Connecticut courts have permitted the use of the motion for summary judgment to contest the legal sufficiency of a complaint, even though the sufficiency is more appropriately challenged by a motion to strike." Orrv. Hartford Accident Indemnity, Superior Court, judicial district of New Britain, Docket No. 482838 (July 12, 1999, Robinson, J.) (25 Conn.L.Rptr. 122); see also Drahan v. Board of Education,42 Conn. App. 480, 498 n. 17, 680 A.2d 316, cert. denied,239 Conn. 921, 682 A.2d 1000 (1996). Accordingly, the court will address the legal sufficiency of count one.
The defendants cite to Boretti v. Panacea Co., 67 Conn. App. 223,768 A.2d 1164 (2001), cert. denied, 259 Conn. 918, 791 A.2d 565 (2002), to support the proposition that in a premises defect case, in order to recover for breach of a duty, the plaintiff must allege and prove that the defendants had either actual or constructive knowledge of the specific defective condition which caused the injury. The Boretti court stated, however, that this standard is used in cases where the plaintiff is a business invitee. Because the plaintiff here is a lessee, and not a business invitee, Boretti v. Panacea is inapposite. The plaintiff argues that the defendants had a statutory duty to keep the premises safe pursuant to § 47a-7.
"The interpretation of pleadings is always a question for the court. . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient CT Page 7626 notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 82-83, 700 A.2d 655 (1997). In count one, the plaintiff attempts to set forth allegations to support recovery under a negligence per se standard. Accordingly, the court will assess whether the plaintiff sufficiently alleges negligence per se.
Violation of a statute often forms the legal basis of an action sounding in negligence per se. For example, in Gore v. People's SavingsBank, 235 Conn. 360, 380, 665 A.2d 1341 (1995), the court held that a landlord's violation of General Statutes §§ 47a-7, 47a-8 and 47a-54f
can constitute negligence per se. See Sanchez v. General Urban Corp., Superior Court, judicial district of New Haven, Docket No. 378774 (February 6, 1997, Lager, J.) (19 Conn.L.Rptr. 97). Although the plaintiff does not specifically refer to § 47a-7 in count one, she is not required to do so to state a claim under the statute. Practice Book § 10-3(a), which states in relevant part: "When any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number," is directory rather than mandatory. See Hanover Ins. Co. v. Fireman's Fund Ins. Co., 217 Conn. 340,345, 586 A.2d 567 (1991). Section 10-3 "is designed to assure sufficient notice to the [defendant] of the statutory [basis] upon which a [plaintiff] intends to rely." Id. In the present case, the plaintiff alleges in count two that "[t]he foregoing acts of the Defendant in violation of C.G.S. § 47a-7 constitute a violation of public policy. . . ." This allegation coupled with the allegations in count one, provide the defendants with sufficient notice that the plaintiff is relying on § 47a-7 as a basis for liability. The defendants also failed to file a request to revise count one of the complaint.
"The two-prong test for negligence per se [is]: (1) that the plaintiffs were within the class of persons protected by the statute; and (2) that the injury suffered is of the type that the statute was intended to prevent." Gore v. People's Savings Bank, supra, 235 Conn. 368-69. In addition, because a defendant "may avoid liability by showing that he neither knows nor should know of the occasion for compliance"; id., 377; the plaintiff must show that the defendants "had actual or constructive notice prior to the violation." Id., 385. Here, the plaintiff alleges that she was a tenant of the defendants. Accordingly, she has sufficiently alleged that she falls within the class of persons that § 47a-7 is designed to protect. The plaintiff also alleges that she was injured as a result of the defective condition on the roof of the leased premises, which is the type of harm that § 47a-7 is designed to prevent. CT Page 7627
In addition, the plaintiff alleges in count one that "[t]he defendant knew or should have known in the exercise of reasonable care of the dangerous condition to which the Plaintiff was subjected by her presence on the roof, and should have taken measures to remedy and correct the condition, but negligently and carelessly failed to do so." This allegation is sufficient to allege constructive notice on the part of the defendants. Furthermore, "[o]rdinarily, the landlord will be chargeable with notice of conditions which existed prior to the time that the tenant takes possession." Gore v. People's Savings Bank, supra, 235 Conn. 384. "[S]pecific allegations of notice are not essential to state a cause of action for negligence per se under Gore . . . as long as sufficient facts are alleged to impute constructive notice to the defendant." (Citation omitted.) Mendez v. Rojas, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 166419 (January 24, 2000,Lager, J.). Accordingly, the plaintiff sufficiently alleges the necessary elements of a negligence per se action and the defendants' motion for summary judgment on count one based on the insufficiency of the allegations fails.
If the motion is construed as seeking summary judgment on count one based on the evidence submitted, the defendants fail to meet their burden of establishing the absence of any genuine issues of material facts. Pursuant to § 47a-7 (a), the defendants had a duty to "make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition. . . ." Section 47a-7 (c) allows a landlord of a single-family residence to have a tenant perform the landlord's duties if the transaction is entered into in good faith and not for the purposes of evading the obligations of the landlord.[3] A question of fact arises as to whether the defendants included the provision in the lease requiring the plaintiff to replace the roof in good faith or in order to evade their obligations under § 47a-7. "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). Also, a question of fact exists as to whether the defendants met the standard of care under § 47a-7. Summary judgment is particularly "ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431,434, 362 A.2d 857 (1975). Accordingly, genuine issues of material facts remain as to whether the defendants met the standard of care set forth under § 47a-7. CT Page 7628
The defendants also argue that the plaintiff has not proved what caused her to fall. In her deposition, the plaintiff simply testified that she did not know the cause of her fall. She did not admit that the defective condition of the roof was not the cause of her fall. The defendants do not offer any evidence that their negligence was not the cause of the injury. Generally, an issue of causation is a question for the trier of fact. See Abrahams v. Young Rubicam, Inc., 240 Conn. 300, 307,692 A.2d 709 (1997). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). The defendants contend that they would be entitled to a directed verdict based on the evidence presented to date. In the context of a motion for summary judgment, however, the burden of establishing the existence of disputed material facts is only imposed on the plaintiff if the defendants meet their burden of establishing that no genuine issue of material facts exists. The defendants fail to do so here. Accordingly, the defendants' motion for summary judgment as to count one is denied.
SECOND COUNT: (CUTPA)
The defendants move for summary judgment as to count two, in which the plaintiff asserts a CUTPA violation, on the ground that the statute of limitations has run, and thus the claim is time barred. The plaintiff argues that her CUTPA claim relates back to the original complaint and is thus timely.
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitation grounds when as in the present case, the "material facts concerning the statute of limitations [are] not in dispute"; Burns v. Hartford Hospital,192 Conn. 451, 452, 472 A.2d 1257 (1984); and "the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449, 453, 671 A.2d 1329
(1996).
General Statutes § 42-110g (f) states that "[a]n action under this section may not be brought more than three years after the occurrence of a violation of this chapter." The Supreme Court has held that the three-year limitation period in § 42-110g (f) begins to run on the date of the actual violation, rather than on the date the plaintiff discovers the violation or the date the injury occurred. See Fichera v.Mine Hill Corp., 207 Conn. 204, 212, 541 A.2d 472 (1988).
According to the lease, the parties entered into the agreement on CT Page 7629 January 15, 1997. "In Connecticut, an action is commenced on the date of service of the writ upon the defendant." (Internal quotation marks omitted.) Hillman v. Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991). Here, the writ was served on the defendants on August 29, 2000, after the three-year statute of limitations had run on the plaintiff's CUTPA claim. Thus, even if the plaintiff's CUTPA claim relates back to the date the plaintiff commenced the original complaint, her CUTPA claim is barred by the statute of limitations pursuant to § 42-110g (f).[4]
For the foregoing reasons, the court finds that the plaintiff's CUTPA claim is time barred and the defendants' motion for summary judgment as to count two is granted.
By the Court,
Joseph W. Doherty, Judge